### Charles Wolfe v. A. P. Willingham.

Decided January 15, 1908.

**1.—Pleading—Venue—Personal Privilege.**

An exception to a petition in a suit of trespass to try title on the ground that "the court had no jurisdiction of the subject matter," cannot be accepted and considered as a plea of personal privilege to be sued in the county in which it appeared from the allegations of the petition that the land was situated and defendant resided.

**2.—Same—Order of Pleading.**

When a defendant asserts his right to be sued in a particular county such assertion is a plea in abatement whether presented by exception or otherwise, and a plea presenting that question, whatever be its form, must precede an answer to the merits, otherwise it will be treated as waived; nor can this effect be avoided by withdrawing an answer to the merits and filing the plea in abatement in due order of pleading.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Sidon Harris,* for appellant.—The trial court erred in dismissing

the case because: This is trespass to try title, and the court has jurisdiction to try it. Defendant has waived the right to interpose a plea of venue, having filed an answer September 4, 1905, and August 30, 1906, neither of which raise any question of venue, which was for the first time raised by amended answer filed September 3, 1906, at the September term of the court, two terms prior to the order of dismissal, which was at the January term, 1907, on January 12. Watson v. Baker, 67 Texas, 49-51; Baldwin v. Richardson, 87 S. W., 354; Kainer v. Ross, 95 S. W., 46; O'Neal v. Murray, 94 S. W., 1090; Railroad v. Gasser, 74 S. W., 367; Brooks v. Gal. City Ry., 74 S. W., 330; Railroad v. Lynch, 73 S. W., 65; Price v. Gowan, 69 S. W., 985; McLain v. Adams, 72 S. W., 1027; Brown v. Reed, 62 S. W. Rep., 73; Moody v. Bank, 57 S. W., 525; Meade v. Jones, 35 S. W., 311.

*S. C. Rowe,* for appellee.—The privilege of a party to be sued in the county of his residence is not waived by mere failure upon his part to have his plea asserting such privilege acted upon at the first term after filing same, unless such failure is chargeable to his negligence, or he agrees to a continuance of the cause, or in some other manner allows the tribunal to acquire jurisdiction over his person or over the subject matter of the suit. Sayles' Rev. Civ. Stats., art. 1194, subd. 14; Masterson v. Cundiff, 58 Texas, 472; Thompson v. Locke, 66 Texas, 386; Knight v. Ry. Co., 93 Texas, 417; Willis v. White, 29 S. W., 818; Watson v. Baker, 67 Texas, 49; County of Galveston v. Nobles, 56 Texas, 575.

KEY, ASSOCIATE JUSTICE.—This is the second appeal in this case. (Wolfe v. Willingham, 43 Texas Civ. App., 167). The suit was brought in the District Court of Travis County to recover a tract of land situated in Mason County, and it appeared from the plaintiff's petition that the defendant resided in the latter county. The original petition was filed August 16, 1905. The record contains two original answers filed by the defendant, the first was filed September 4, 1905, and contained (1) an exception to the plaintiff's petition because it appeared therefrom that the land was situated in and the defendant resided in Mason County, "and therefore this court has no jurisdiction of the subject matter of this suit, and to try the same;" (2) a general denial, and (3) a plea of not guilty.

The trial court sustained the exception to the petition, and entered judgment dismissing the suit. That judgment was appealed from, and was reversed by this court for the reason that the exception referred to presented only the question of the jurisdiction of the trial court over the subject matter of litigation, and that that court had jurisdiction of the subject matter, and committed error in sustaining the exception. The second original answer of the defendant was filed August 30, 1906, and, omitting immaterial parts, reads as follows:

"And now comes the defendant, A. P. Willingham, in the above entitled and numbered cause and excepts to plaintiff's petition and says that same is insufficient in law, because it appears from said

petition that the land in controversy is situated in the county of Mason and State of Texas, therefore, under title 30, chapter 4, article 1194, of the Revised Statutes of the State of Texas, this court has no jurisdiction of the subject matter of this suit. Wherefore defendant prays judgment of the insufficiency of this petition, and that she be dismissed with her costs."

On September 3, 1906, the defendant filed her first amended original answer containing an exception to the plaintiff's petition substantially the same as was embraced in the answer filed August 30, 1906, and a verified plea in due form, presenting the question of venue, and pleading her privilege to be sued in Mason County.

On January 12, 1907, the court entered judgment dismissing the plaintiff's suit, preceded by a recital of the fact that the defendant's plea to the jurisdiction was considered and sustained.

The plaintiff has appealed and contends that the court erred in dismissing his suit, because it had jurisdiction of the subject matter, and the defendant had waived her privilege to be sued in the county of her residence by filing an answer to the merits before she filed her plea of privilege presenting the question of venue. We sustain that contention and reverse the judgment.

It is an elemental rule of law, often announced and applied in this State, that when a defendant asserts his right to be sued in a particular county, such assertion is a plea in abatement whether presented by exception or otherwise, and that a plea presenting that question, whatever be its form, must precede an answer to the merits, otherwise it must be treated as waived. The authorities are collated in Green's Texas Digest, under the head of Abatement and Revival, ranging from sections 50 to 60, inclusive. Until she filed her amended original answer on September 3, 1906, appellee had not in any manner presented the question of her personal privilege to be sued in another county, yet one year prior to that time she answered to the merits by filing a general denial and plea of not guilty. Until she filed her last answer, her objection to the case being tried in Travis County District Court related only to the jurisdiction of that court over the subject matter, and did not present the question of her right to be sued in some other county. Nor is it material that the original answer to the merits was afterwards superseded and abandoned by filing an amended answer that did not contain any answer to the merits. When a defendant has filed an answer to the merits, and thereby cut off his right to file a plea in abatement, such right can not be regained by him by withdrawing or abandoning his answer to the merits.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*