MIDKIFF & CAUDLE v. JOHNSON COUNTY SAVINGS BANK.

(Court of Civil Appeals of Texas. Feb. 7, 1912.)

1. PARTIES (§ 75*)—OBJECTIONS—PLEAS.

A plea denying plaintiff's right to recover in the capacity in which it sues is not a plea denying its right to sue in its own name, and is not applicable where it sues in its own name, and not in a representative capacity.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 115, 116; Dec. Dig. § 75.*]

2. JUSTICES OF THE PEACE (§ 183*)—APPEAL—PRESUMPTION.

The pleadings, in an action commenced in justice court, being oral, it must be presumed

in the Court of Civil Appeals that plaintiff properly pleaded as to whether it was a corporation, a partnership, or an individual.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 705–714; Dec. Dig. § 183.*]

3. PLEADING (§ 377*)—ISSUES—MATTERS TO BE PROVED — ADMISSION BY FAILURE TO DENY.

There being no denial as to plaintiff being a partnership or a corporation, no proof of such fact was necessary.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1228–1231; Dec. Dig. § 377.*]

4. BILLS AND NOTES (§ 287*)—TRANSFER— PRINTED INDORSEMENT.

That the transfers on the back of acceptances sued on were by printed signatures is immaterial, in the absence of evidence that they were not adopted as the genuine signatures by the indorsers.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 653; Dec. Dig. § 287.*]

5. PLEADING (§ 293*)—VERIFICATION.

A plea of incapacity of plaintiff to sue must be verified.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 882–884; Dec. Dig. § 293.*]

6. PLEADING (§ 106*)—PLEA IN ABATEMENT.

A plea denying plaintiff's right to maintain the suit in the capacity in which it sues is one in abatement.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 219–227; Dec. Dig. § 106.*]

7. JUSTICES OF THE PEACE (§ 174*)—APPEAL —TRIAL DE NOVO—PLEA IN ABATEMENT— TIME FOR FILING.

The plea in abatement denying plaintiff's right to maintain the suit in the capacity in which it sues comes too late, after trial in the justice court and appeal to an intermediate court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Action by the Johnson County Savings Bank against Midkiff & Caudle. From a judgment for plaintiff on appeal from a justice, defendant appeals. Affirmed.

Anderson & Dumas, for appellant. Thomas & McCarty, for appellee.

### Findings of Fact.

JENKINS, J. Appellee filed suit herein on four acceptances of $50 each in favor of the Elgin Jewelry Company and indorsed to appellee. The case was tried in the justice's court of Crockett county November 26, 1906, and there was judgment for appellants, from which they appealed to the county court of said county. At the January term, 1907, of the county court of Crockett county, the case was dismissed for want of an appeal bond. Upon appeal to the Fourth district the case was reversed January 15, 1909. The jurisdiction of the county court of Crockett county having been abolished, the case was transferred to the district court of that county. At the October term, 1910, of said dis-

trict court, the case was transferred by agreement to the county court of Tom Green county. At the January term, 1911, of the county court of Tom Green county, appellants filed under oath a plea that the plaintiff was not entitled to recover in the capacity in which it sued. No evidence was offered on the trial, except the four acceptances and indorsements thereon. Judgment was rendered for appellee. The pleadings of the plaintiff in the justice's court and also in the county court were oral.

### Opinion.

[1] Appellants objected to the introduction of the acceptances herein sued on for the reason that they had filed a sworn plea that plaintiff was not entitled to recover in the capacity in which it sued, and that no evidence was offered as to whether plaintiff was an individual, a copartnership, or a corporation. · A plea denying plaintiff's right to recover in the capacity in which it sues is not a plea denying the right of the plaintiff to sue in its own name. The plaintiff in this case did not sue in any representative capacity.

[2, 3] As the pleadings were oral, we must indulge the presumption that plaintiff properly pleaded as to whether it was a corporation, a copartnership, or an individual; and, there being no denial as to its being a copartnership or a corporation, no proof of that fact was necessary. Wooley v. Corley, 121 S. W. 1139; Telegraph Co. v. Levy, 102 S. W. 134; Daniel v. Brewton, 136 S. W. 815; Williams v. Deen, 5 Tex. Civ. App. 575, 24 S. W. 536; Threadgill v. Shaw, 130 S. W. 707.

[4] The case of Tyler v. Blanton, 34 Tex. Civ. App. 393, 78 S. W. 564, was a judgment by default, and therefore not applicable to the facts of this case. That the transfers upon the back of said acceptances were by printed signatures (presumably with rubber stamp) is immaterial, in the absence of proof tending to show that such signatures were not adopted as their genuine signatures by the indorsers. As above stated, a plea denying that the plaintiff has a right to sue in the capacity in which he sues does not apply when the party sues in his own name. Baggett v. Sheppard, 110 S. W. 952.

[5] There was no plea as to the incapacity of the plaintiff to sue. Such plea must have been verified. Mullally v. Lithograph Co., 29 S. W. 167; Crouch v. Posey, 69 S. W. 1003.

[6, 7] In addition to what has above been stated, the plea denying plaintiff's right to maintain this suit in the capacity in which it sued was a plea in abatement. Townes on Pleading, p. 359, and authorities there cited. And this plea came too late, having been filed in 1911 for the first time, after the case had been tried in the justice court

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

of Crockett county, and had been pending for four years. Wolfe v. Willingham, 48 Tex. Civ. App. 536, 107 S. W. 60.

For the reasons herein stated, the judgment in this case is affirmed.