**AMERICAN FIDELITY & CASUALTY CO.
v. BRADLEY et al.
No. 4175..**

Court of Civil Appeals of Texas. Amarillo.
March 12, 1934.

Rehearing Denied April 23, 1934.

646

HALL, Chief Justice.

This is a workmen's compensation case. This suit was originally filed in Yoakum county, and by agreement of parties was thereafter transferred to the district court of Lubbock county, where the appellee Bradley obtained a judgment against the appellant, American Fidelity & Casualty Company, for $10.38 per week for 42 weeks and $7.26 per week for 160 weeks.

The plaintiff alleged that on December 21, 1931, he was an employee of the Pioneer Motor Lines, insured by the defendant, and that, while driving a bus on the highway between Lubbock, Tex., and Roswell, N. M., the bus was overturned, and he sustained an injury to his knee which caused him to be permanently and totally disabled under the provisions of the Compensation Law; that notice of injury was given and claim filed with the Industrial Accident Board, where he secured an award of $10.38 per week for a period of 13 weeks; that he gave notice that he declined to abide by the award of the Accident Board and appealed therefrom. As a basis for computing his compensation, he alleged that he had been an employee of the Pioneer Motor Lines from time to time over a period of more than one year and was employed for a period of some 6 weeks immediately prior to his injuries by the Pioneer Motor Lines, and worked in such employment and capacity for 7 days a week at $3 per day, and his actual weekly wage was $21 per week; that an average wage as defined by the Workmen's Compensation Act was $17.30 per week. He further alleged that the sum of $21 a week was the average weekly wage for like employment in the community where such injury occurred. He further alleges in the alternative that, if he had not sustained the permanent partial incapacity alleged, then he sustained total incapacity for a period of 52 weeks and partial incapacity for a period of 200 weeks thereafter, all on account of said injuries.

In answer to special issues, the jury found that appellee had suffered 100 per cent. incapacity to his leg for a period of 42 weeks, and that following such total incapacity he had suffered partial incapacity for 160 weeks at the percentage of 70 per cent., and that the average weekly wage was $18 per week.

The original transcript filed in this court did not contain the plaintiff's original petition. Appellant's brief, based upon the original transcript, contains several propositions to the effect that there is no proof that

Bean & Klett, of Lubbock, for appellant.

McWhorter & Howard, of Lubbock, for appellees.

the suit was filed within 20 days after giving notice that he would not abide by the ruling of the Industrial Accident Board, and that the plaintiff failed to show the district court had jurisdiction of the amount claimed before the Industrial Accident Board. Subsequent to the filing of appellant's brief, the appellee was granted a certiorari to perfect the record, and a supplemental transcript has been filed which shows that the award of the Accident Board was made on May 31, 1932, that notice of appeal was received by the said board on June 16th thereafter, and that the suit was filed on the 25th day of June. The original petition shows that the accident occurred in Yoakum county, and, since the court takes judicial notice of the pleadings filed in the cause and their contents, together with the file mark thereon, these propositions are overruled. Humphreys v. Young (Tex. Civ. App.) 293 S. W. 655; Liberty Life Insurance Company v. Moore (Tex. Civ. App.) 10 S.W.(2d) 178.

■■ The contention that there is no basis for computing the average weekly wages according to the statute under either the pleading or proof must be sustained. The proof tends to show that Bradley had worked for the Pioneer Motor Lines for several years, but that he had been driving a bus for only 6 weeks prior to the time of his injuries. This would not entitle him to recover under section 1, subdivision 1, of article 8309, R. S. 1925.

Section 1, subdivision 1, of article 8309 provides that the injured employee shall have worked in the employment in which he was working at the time of the injury substantially the whole of the year immediately preceding the injury. Prior to the time he was employed to drive the bus, he had worked as an automobile mechanic and had received different wages while acting in the several capacities. He further pleads "that the average weekly wage of $21.00 per week is the average weekly wage for like employment in the community where such injury occurred." This allegation is insufficient to entitle him to recover under subdivision 2, which provides that, if he has not worked in such employment during substantially the whole of the year, his average annual wages shall consist of 300 times the average daily wage or salary which an employee of the same class, working substantially the whole of such immediately preceding year in the same or in a similar employment, in the same or a neighboring place, shall have earned in such employment during the days when so employed. In order to recover under either of these sections, his allegations must be sufficient to bring him within the terms of such sections.

As said in American Employers' Ins. Co. v. Singleton (Tex. Com. App.) 24 S.W.(2d) 26, 27, in which the same contention was discussed: "Under the express provisions of section 5 of article 8307, R. C. S. of Texas 1925, the burden of proof is on Mrs. Singleton, as a party claiming compensation, to offer legal evidence establishing an average weekly wage for the deceased under one of the three subsections of the statute above quoted. Furthermore, under the statute the burden is on the claimant to show by competent evidence that it is impracticable to compute the average weekly wage under either subsections one or two before subsection three can be resorted to. Likewise, the burden is on the claimant to show that compensation cannot be computed under subsection one before subsection two is resorted to."

This ruling has been consistently followed in several cases since. In Texas Employers' Ins. Ass'n v. Jenkins (Tex. Civ. App.) 63 S. W.(2d) 563, involving the same question, Judge Jackson said it is elementary that facts not alleged, though proved, cannot form the basis of a judgment, and further held that, in such case where the employee's petition did not allege that there were employees of the same class working substantially the whole of the preceding year in similar employment, it was error for the court to submit the issue. See, also, Hartford Accident & Indemnity Co. v. Leigh (Tex. Civ. App.) 57 S.W.(2d) 605; Texas Employers' Ins. Ass'n v. Fitzgerald (Tex. Com. App.) 296 S. W. 509; Zurich General Accident & Liability Ins. Co. v. Wood (Tex. Civ. App.) 10 S.W.(2d) 760.

■ We cannot sustain any of the propositions relating to the sufficiency of the pleadings and proof thereunder to the extent, as urged by appellant, that the court should have directed a verdict in appellant's favor, because, by overruling the general demurrer to the petition, the appellee was led to believe that his pleading was sufficient, and he is entitled to have the judgment reversed and given an opportunity to amend.

The further contention is made that the petition does not show that appellee's claim filed with the Accident Board was sufficient to give the district court jurisdiction of the appeal.

No copy of the claim is attached to the petition; neither is there any allegation stating the amount of the claim filed with the Accident Board. As we understand the pe-

tition, plaintiff sues to recover compensation for permanent partial incapacity caused by the loss of the use of his right leg, and in the alternative he asks for compensation for total incapacity for a period of 52 weeks and for partial incapacity following for 200 weeks, and further states the amount of his weekly wage. R. S. art. 8306, § 12, provides that, in all cases of permanent partial incapacity, it shall be considered that the permanent loss of the use of the member is equivalent to and shall draw the same compensation as the loss of that member. The same article also provides that, for the loss of a leg at or above the knee, 60 per cent. of the average weekly wages during the 200 weeks shall be the measure of the claimant's recovery. If the claim filed with the board sought to recover upon that theory, the district court has jurisdiction, but, since it is not clearly stated what amount was claimed before the board, we strongly incline to the opinion that this proposition should be sustained. Beal v. Texas Indemnity Ins. Co. (Tex. Com. App.) 55 S.W.(2d) 801.

Appellant also contends that the court erred in not directing a verdict in its favor because the evidence shows that the injury to appellee's knee occurring in 1924 was the proximate cause of the injuries upon which this action is based. The court submitted that issue to the jury, and the finding is against appellant. It was properly an issue of fact, and the court would not have been justified in directing a verdict.

■ We sustain the sixth proposition by which it is asserted that the court erred in refusing to give the statutory definition of the word "injury" which appears in his charge. Objection was made because the court failed to define the word. Commercial Standard Ins. Co. v. Noack (Tex. Com. App.) 62 S.W.(2d) 72; Associated Indemnity Corporation v. Wilson (Tex. Civ. App.) 41 S.W.(2d) 143; Indemnity Insurance Co. v. Sterling (Tex. Civ. App.) 51 S.W.(2d) 788, 793; Zurich General Accident & Liability Ins. Co. v. Wood (Tex. Civ. App.) 27 S.W.(2d) 838.

■ Objection was made by appellant to the court's charge because of the failure to define "within the scope of his employment." While there are several cases to the contrary (Bishop v. Millers' Indemnity Underwriters (Tex. Civ. App.) 254 S. W. 411; Employers' Casualty Co. v. Scheffler (Tex. Civ. App.) 20 S.W.(2d) 833), the Commission of Appeals in the case of Texas Employers' Ins. Ass'n v.

Owen, 298 S. W. 542, 544, approves the act of the trial court in defining the term "in the course of his employment," and indirectly holds that it is proper for the court to define the term in connection with an issue inquiring if the claimant was injured in the course of his employment. We suggest that the better rule is to define the term.

■ The next contention is that, in submitting special issue No. 5, instructing the jury to find the total incapacity of the claimant for work as a "proximate result" of his injuries, the court erred in failing to define "proximate result." This proposition is sustained by Dallas Railway Co. v. Warlick (Tex. Com. App.) 285 S. W. 302, and Dixie Motor Coach Corporation v. Swanson (Tex. Civ. App.) 41 S.W. (2d) 436, 439; though it is held in Texas Indemnity Ins. Co. v. Holloway (Tex. Civ. App.) 30 S.W.(2d) 921, that it was not error to refuse to define proximate result. Writ of error was granted in that case.

■ By the ninth proposition appellant complains of the court's definition of "total incapacity," which is as follows: "Lack of capacity; lack of ability of qualification; incapacity, incompetent. In answering the above question you will be governed by the following: the phrase 'total incapacity for work', as used in the Workmen's Compensation Act, does not imply an absolute total incapacity to perform any kind of labor, but a person incapacitated to perform the usual tasks of a workman in such a way as to enable him to procure and obtain employment is ordinarily regarded as total incapacity."

The objection to this definition is that it is a charge upon the weight of the evidence. There is no merit in the objection. Home Life & Accident Co. v. Corsey (Tex. Civ. App.) 216 S. W. 464.

■ The tenth and eleventh propositions are without merit because it was not error for the court to fail to define the term "average weekly wage." American Mutual Liability Ins. Co. v. Thomas (Tex. Civ. App.) 35 S. W. (2d) 232; Texas Employers' Ins. Ass'n v. Marsden (Tex. Civ. App.) 57 S.W.(2d) 900. In connection with the eleventh proposition, we call attention of counsel, in view of another trial, to the fact that there was no evidence showing the average weekly wage of any one in similar employment in that community during the preceding twelve months.

The judgment is reversed, and the cause remanded.