**ANDREWS et al. v. HEDRICK SAV. BANK OF HEDRICK, IOWA.**

No. 10369.

Court of Civil Appeals of Texas.
Galveston.

March 18, 1937.

Philip Tharp and E. A. Knipp, both of Houston, for appellants.

James G. Donovan and Wilmot F. Warner, both of Houston, for appellee.

GRAVES, Justice.

This much of the general statement made by the appellants is conceded by the appellee to be substantially correct as such:

"This is a suit by the Hedrick Savings Bank of Hedrick, Iowa, against Frank M. Andrews and Ollie Andrews, both of whom are alleged to be residents of the State of Iowa, for the purpose of establishing and enforcing in this state a foreign judgment against the defendants. The plaintiff alleged in substance that a judgment was rendered in the district court of Keokuk County, Iowa, on June 7, 1932, in favor of the Hedrick National Bank of Hedrick, Iowa, against Frank Andrews and Ollie Andrews (also known as Mrs. B. C. Andrews) for $4,657.20, with interest and costs; that the judgment was sold and assigned to the plaintiff in this suit, and that it is entitled to a

judgment against the defendants for the amount of the judgment, interest and costs.

"Trial resulted in a judgment in favor of the plaintiff for $5,747.91, for foreclosure of an attachment-lien on certain property described in the judgment, with an order of sale of such property."

The judgment so rendered below is assailed in this court upon these grounds:

(1) The purported judgment of the district court of Keokuk county, Iowa, sued upon herein, which on its face recited that it had been rendered by "D. W. Hamilton, Judge," was not certified as provided in U. S.C.A. title 28, § 687, Rev.St. § 905, in that the certificate of attestation thereto is signed by Frank Bechly, who certified that he is "Judge of the Sixth Judicial District."

(2) The declared-upon assignment of the judgment of the Hedrick National Bank to the Hedrick Savings Bank, both of Hedrick, Iowa, was inadmissible over the appellants' objection thereto on that ground, because it was a mere copy of a copy of such an instrument alleged to have passed between those parties; there being further no proof either of its execution, or of any law authorizing such an instrument to be recorded in the State of Iowa, or elsewhere, in "district court record."

(3) There is no proof made of the existence of any attachment-lien herein against the nonresident appellants, and the recovery awarded against them was in excess of the damages alleged, in that the appellee declared upon an indebtedness of only $5000, whereas the judgment rendered called for $5,747.91.

None of these contentions can be sustained; as concerns the first one, these answering recitations of the appellee's brief are thought to be sufficient:

"The certificates by the clerk and Judge attached to the copy of the judgment in evidence, are made upon a printed form, in which the name of the clerk, the description of the judgment, reference to the book and page of the record, dates and signatures, are the only portions in writing or typewriting. Preceding each certificate of the clerk, and also the certificate of the Judge, is printed the words 'I, * * * Clerk of the District Court, and successor of the Circuit Court, in and for such County in the State aforesaid,' and in the final certificate of the clerk, in which he makes reference to the certificate of the Judge appearing above, there is printed, 'was at the time

of signing the same, Judge of the Sixth Judicial District, duly commissioned and qualified.' In other words, it appears from the certificate itself that the same is made upon the usual printed form employed in all similar cases in the district court of Keokuk County, Iowa.

"In the case of Harper v. Nichol, 13 Tex. 151, at page 161, there was before the court a similar situation. In disposing of the contention that it did not appear that the clerk and the Judge were the clerk and Judge of the court in which judgment was rendered, the Supreme Court of this State said:

" 'The attestation of the Clerk commences with "The State of Tennessee, Shelby county," thereby shewing that the city of Memphis, where the Court was held, is in that county and State. The certificate shews, also, that he was Clerk of the law side of the Common Law and Chancery Court of that city. There is no reasonable presumption that there could be more than one Clerk for the law side of a Court held in one place or city, no matter how many may be the Districts for which the Court may be held. This certificate must be presumed to be in the usual form of attestating to the judgments of that Court.'

"Here, as in the Harper Case, it is apparent that the certificate is 'in the usual form of attestating to the judgments of that Court.' It further appears, from the fact that the certificate of Judge Frank Bechly is made in the 'State of Iowa, Keokuk County,' that the Sixth Judicial District embraces said county. The certificate of the clerk of the district court in and for Keokuk County to the effect that Frank Bechly was, at the time of signing his certificate, the Judge of the Sixth Judicial District; said certificate being also executed in Keokuk County, is further evidence of the location of said county in said district.

"It does not appear that the Sixth Judicial District Court had more than one judge. The mere fact that C. W. Hamilton was the Judge who signed the decree on the 7th day of June, 1932, does not indicate—or even raise an inference—that he continued to be Judge of said District Court until the time when the certificate in question was executed, on the 7th day of April, 1934. The Honorable Frank Bechly signs as 'Judge of Sixth Judicial District,' and in the final certificate of the clerk it is recited that Frank Bechly is 'Judge of the Sixth Judicial District.'

**840**

"In the language of the statute, the certificate may be by the 'Judge, Chief Justice, or Presiding Magistrate.' Manifestly, the Chief Justice or Presiding Magistrate must sign only where the court has more than one judge."

■ The second objection is not well taken, since the record shows the assignment in question to have been sued upon as a part of the bank's cause of action, which declaration appellants neither denied under oath nor otherwise, nor filed any sworn charge of forgery against it, their only answer being a general demurrer and an unverified general denial; the assignment in such instance constituted a written instrument within the meaning of our R.S. art. 573; United States F. & G. Co. v. Richey (Tex.Civ.App.) 18 S.W.(2d) 231–233.

Moreover, the certificate attesting this assignment is not that it is a copy of the record, but the statement of facts shows the clerk to have first certified, "The foregoing to be a true, perfect and complete copy of assignment of judgment," and further that "said assignment is filed for record in appearance judgment docket".

Since in the circumstances here obtaining, as appellants concede in their brief, the law of Iowa is presumed to be the same as that of Texas in regard to this claimed assignment, our R.S. art. 6636 becomes applicable to the situation here presented, and the paper as presented was admissible.

■■ Under our more recent holdings on that subject, it would seem that neither pleading nor proof of the attachment lien declared upon in the circumstances here presented is required, since the court must take judicial notice of the record in the case. Covert v. Calvert (Tex.Civ.App.) 287 S.W. 117; Olivares v. Garcia (Tex.Com.App.) 91 S.W.(2d) 1059; Newsom v. Couch (Tex. Civ.App.) 262 S.W. 155 (error dismissed).

A very late expression by our Supreme Court of that rule is thus quoted from the cited Olivares Case at page 1063 of 91 S.W. (2d) : "It is not necessary to plead or prove the attachment proceedings in order to be entitled to a foreclosure of the attachment lien; the court takes judicial notice of the proceedings as part of the record in the case (5 Tex.Jur. p. 247, § 83), and the judgment of foreclosure was proper, plaintiff having recovered in the suit. Article 301, Rev.Stat.1925."

These appellants had appeared and answered to the merits in this cause, where-fore there was no question as to the trial court's jurisdiction to enter a personal judgment against them.

■ The last contention of excess in the judgment rendered over the amount alleged to be due is inept, in that the bank's petition in declaring upon the Iowa court's judgment set the same out in full; when the amount therein alleged, together with the date of the judgment, the rate of interest, and the amount of costs likewise charged, are all brought down to the date of the judgment thereon so awarded in the Texas court, the aggregate is, as a matter of mere calculation, shown to be correct; consequently, the mere inconsistent phrase in division IV of the appellee's original petition, "to appellants' damage in the sum of $5000.00," may properly be rejected as surplusage, under the holding in the similar case of Buer v. Prescott (Tex.Sup.) 14 S.W. 138.

Without further discussion, an affirmance will be entered.

Affirmed.