**Beatriz Guerra de CHAPÁ, Administratrix of the Estate of Ponciano Chapa, Sr., Deceased, Appellant,**

v.

**Beulah G. COX, Appellee.**

**No. 12735.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 22, 1954.

Lloyd & Lloyd, Alice, for appellant.

John D. Coats, Austin, for appellee.

POPE, Justice.

This appeal concerns the procedure applicable to a hearing on a plea of privilege, wherein the court held that the defendant by answering waived a plea of privilege which was filed later. Rule 84, Texas Rules of Civil Procedure.

Plaintiff, Beulah G. Cox, sued the estate of Ponciano Chapa, Sr., for damages for the death of her husband, caused by an automobile collision between Mr. Cox and Mr. Chapa, also subsequently deceased. She named as the defendant in her suit Jacob G. Hornberger, Administrator of the Estate of Ponciano Chapa, Sr. The administrator timely filed an answer in the nature of a general denial. Hornberger was then removed as administrator and Chapa's widow, Beatriz Guerra de Chapa, was named as administratrix. The former administrator called this to the attention of the court by a written motion. On January 27, 1954, Beatriz Guerra de Chapa, as administratrix, filed a plea of privilege to be sued in Jim Hogg County. The plea of privilege was filed five months after the former administrator made an appearance by way of general denial. Leave of court to withdraw the general answer was never sought nor granted by the trial court. However, the plaintiff did not file a controverting affidavit until March 5th, far beyond the ten days required by Rule 86, T.R.C.P.

The plaintiff made a motion to strike the plea of privilege, on the grounds that the general appearance constituted a waiver of the privilege, and the defendant made a motion to strike the controverting affidavit by reason of the late filing. The court held that the defendant by answering made an appearance, and that the plea of privilege

filed several months thereafter was waived as a matter of law. This was a correct ruling. Reed v. Garlington, Tex.Civ.App., 233 S.W.2d 185; Leyendecker v. Harlow, Tex.Civ.App., 189 S.W.2d 706.

The order of the trial court is affirmed.