**HOUSTON PIPELINE COMPANY et al.,**
**Appellants,**

**v.**

**Martha YBANEZ et vir, Appellees.**

No. 11081.

Court of Civil Appeals of Texas.

Austin.

May 1, 1963.

Rehearing Denied May 22, 1963.

Perkins, Floyd, Davis & Oden, Lawrence H. Warburton, Jr., Alice, Groce & Hebdon,

Thomas H. Sharp, Jr., San Antonio, for appellants.

Harry J. Schulz, Three Rivers, W. L. Hardwick, George West, for appellees.

PHILLIPS, Justice.

This case is before us on a plea of privilege arising out of a suit for damages wherein the appellees and plaintiffs below, Martha Ybanez, joined by her husband, brought suit against the Houston Pipeline Company, Houston Natural Gas Corporation and a contractor Sheppard-Geiger Construction Company, appellants in this court, alleging a personal injury sustained by Mrs. Ybanez when she fell on a right-of-way easement owned by appellant Houston Pipeline Company in Live Oak County.

Sheppard-Geiger Construction Company had constructed a pipeline on the easement and had completed it approximately sixteen months prior to the date of the alleged accident. Each of the three defendants filed pleas of privilege which were controverted by appellees.

Each of the appellants are private corporations with offices in Houston, Harris County, Texas, and in Corpus Christi, Nueces County, Texas. None of the appellants have an agent or place of business in Live Oak County, Texas.

All appellants filed pleas of privilege under Art. 1995, Vernon's Ann.Civ.St. to transfer the cause of action to the place of their residence, however the appellants, Houston Pipeline Company and Houston Natural Gas Corporation, have additionally requested that the entire proceeding be transferred to Nueces County, Texas.

Appellees controverted the pleas claiming venue under section 9a, Article 1995, in that there were alleged acts of negligence on the part of the defendants. Appellees also plead exceptions 23 and 29a to Article 1995.

The trial court, after hearing evidence, overruled the pleas of privilege and retained venue in Live Oak County, Texas.

We hold that the action of the trial court was correct.

■ Appellees filed their petition on July 10, 1962. Appellants Houston Natural Gas Corporation and Houston Pipeline Company were subsequently served with citation and filed general denials in the case on July 27, 1962. Thereafter, on July 31, 1962, these two appellants made an attempt to withdraw the general denials; however the District Clerk had already filed them. Thereafter on July 31, 1962, these appellants filed their pleas of privilege.

Appellees maintain that appellants Houston Natural Gas Company and Houston Pipeline Company waived their pleas of privilege by filing pleas to the merits and the trial court so held. Leyendecker v. Harlow, Tex.Civ.App., 189 S.W.2d 706, writ ref. w. o. m., Reed v. Garlington, Tex.Civ.App., 233 S.W.2d 185, no writ history, 1 McDonald, Texas Civil Practice, Sec. 4.40.

Appellees maintain that venue lies in Live Oak County as against the appellant Sheppard-Geiger Construction Company under Sections 9a, 23 and 29a of Article 1995, V.A.C.S.

■ Under Section 9a of Article 1995, appellees may maintain their suit in Live Oak County against appellants by showing by a preponderance of the evidence that the alleged acts of negligence occurred there; that such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment; that such negligence was a proximate cause of appellee Martha Ybanez's injuries.

In August of 1960, appellee, Mrs. Ybanez, was proceeding from her yard in a residential section of town to her brother's yard which was adjoining. These lots are in the Reyes Subdivision, a residential area within the corporate limits of George West, Texas. In going from her yard to her brother's she had to cross the pipeline ease-

ment owned by appellant Houston Pipeline Company. When appellee, Mrs. Ybanez, stepped on the earth covering the pipeline, one of her legs sank into the ground over the ditch and the other leg was doubled back under her. She was pregnant at the time and weighed two hundred and fifteen pounds. Her descent into the hole was stopped when her stomach came to rest at the edge of the hole that was made by her leg.

Appellee, Mrs. Ybanez, stated that the ground where she walked gave the appearance of being safe, and that there was nothing to cause her to think that there might be danger of the ground giving way.

This fall caused the injuries for which appellee, Mrs. Ybanez, is bringing this action.

Mr. Homer Brown, District Foreman of the Houston Pipeline Company, called as an adverse witness, testified his company owns the pipeline that crossed the property where appellee fell, and that the line was built in the spring of 1959. He further testified that Houston Natural Gas Company owns and controls Houston Pipeline Company, that their officers are the same persons, and that the Gas Company owns the gas transported through the line.

Appellees also called as an adverse witness, J. U. Sheppard, Jr., president of Sheppard-Geiger Construction Company, who testified that his company had built the pipeline in question, that Houston Pipeline Company furnished the right-of-way, the easement, the pipe, valves and fittings, and that his company furnished the labor, dug the ditch, added the pipe and did the back filling; that it was the duty of his company to back fill the ditch which they did by using back fillers to pull the dirt into the ditch until it was approximately level and then "walk" the area with tractors and maintainers. He stated that it was the duty of his company to fill and compact the ditch so that no one would fall into it and

also fill it and compact it so that it would not cave in when someone stepped on it. He further stated that if the ditch had been properly back filled and compacted it would not normally cave in when a person stepped on it. Sheppard also admitted that a ditch can be filled in properly so that the weight of a person would not cause it to cave in. He also testified that pipeline specifications are different from sewer line specifications and that it would be too expensive to spend money "tamping and stuff like they do in sewers out here in the streets" and that "the reason they tamp around sewer lines is that sewer lines are usually laid in cities where people are apt to walk across the lines." He further stated that if this pipeline had been tamped in this area and filled in like a sewer line it would have been less likely to cave in.

Mr. Sheppard, who testified he spent a lifetime building pipelines, stated that after pipelines had been constructed and turned over to the pipeline company for use, such pipelines require maintenance and inspection to see if there are any holes or if there are any weak spots; to see that they are properly taken care of; that a trained pipeline man could spot weak areas likely to cave in that would look normal to the average person. Mr. Sheppard stated that it was the general practice for companies to inspect their pipelines, especially the first two or three years after they are laid in and, that normally, after the construction company turns the line over to the pipeline company it is the duty of the pipeline company to check for weak spots and defects; that as a rule it is a matter of common practice for pipeline companies to regularly inspect and patrol pipelines that are built; that such is the custom among pipeline companies; that this need for inspection is especially important the first two or three years after the line is built.

Appellees contend that the evidence discloses that the area that caved in under appellee was caused by an improperly filled ditch made soft by rains which could have

been detected and corrected had the pipeline been properly inspected and maintained.

Appellants contend that the hole complained of was caused by heavy rains in the vicinity and that there was no testimony of any negligent or incorrect methods used by appellant construction company in their work on the ditch.

In her petition appellee alleges the following acts of negligence:

"1. In failing to properly compact the earth surface around the pipeline to avoid the plaintiff's (appellee) falling into the ditch as described above.

"2. In failing to take proper precautions to insure that plaintiff would not fall into the ditch. * * *

"3. In failing to erect or give proper warnings in order that plaintiff would have been aware of the danger that existed.

"4. In allowing a dangerous condition to exist in a heavily populated area.

"5. In failing to properly maintain such pipeline right-of-way in a safe manner."

The petition alleges that the above-mentioned acts of negligence are the proximate cause of the injuries sustained by the appellee, Martha Ybanez.

Appellees have alleged that the appellant construction company failed to properly compact the earth around the pipeline. There is evidence the appellee Martha Ybanez's leg sank to her hip into the soft earth and that she sustained injury. The testimony of the president of the construction company was to the effect that if the ditch is properly filled a person should be able to step on it without sinking. The pipeline company had the duty of packing the earth in the ditch so that a person could walk safely thereon.

In Texas Pipe Line Company v. Vaught, Tex.Civ.App., 294 S.W. 865, writ dismissed, the plaintiff alleged that he was injured by reason of the defendant's negligence in not properly restoring the dirt taken from the ditch where the pipe was laid; that the ditch was not properly filled in; that the dirt was loose and did not afford a safe and firm passage for crossing over the ditch. The evidence disclosed that the point of the plaintiff's plow after the front foot of one of his horses had gone down in the soft earth, hit the solid ground on the other side of the ditch and jerked and jarred the plow, and caused plaintiff to fall from the plow. The jury found that the pipeline company was guilty of negligence in the way and manner of filling the ditch where the injury occurred. The other elements necessary to sustain a judgment for the plaintiff were found and the trial court rendered judgment thereon.

The Court of Civil Appeals reversed the judgment due to the exclusion of testimony that the defendant had used methods in filling the ditch used by those engaged in that character work. The court held that it was a question of fact for the jury whether the dirt from the ditch constructed over the land was properly restored and the ditch properly filled.

We hold that under the Vaught case, appellees have raised fact issues in respect to negligence that should go to the jury.

In view of the fact that appellees have brought their case under exception 9a, Article 1995, it will not be necessary to discuss the other exceptions pleaded.

Appellees have urged the fact that there were heavy rains in the vicinity just before the accident occurred. This would have no bearing on our holding at this stage of the proceedings but would present a possible fact situation to be considered at the trial on the merits. See Secs. 28 and 20, 40 Tex.Jur.2d and the cases cited.

Inasmuch as the appellants Gas Company and Houston Pipeline Company have sub-

mitted to the jurisdiction of the District Court in Live Oak County, their pleas of privilege are not in the due order of pleading they come too late and they are waived. The judgment of the Trial Court is affirmed.

Affirmed.