**TEXAS SECURITIES CORPORATION,**
Appellant,

v.

**Shirley W. PETERS, Appellee.**

No. 17167.

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 29, 1971.

Dobbins, Howard & Harris and William P. Dobbins, San Antonio, for appellant.

McEntire & Murad and Rex McEntire, Fort Worth, for appellee.

OPINION

BREWSTER, Justice.

This is an appeal from an order overruling a plea of privilege filed by appellant, Texas Securities Corporation.

The trial judge did not file findings of fact and conclusions of law in the case.

The order appealed from simply recites the overruling of the defendant's plea of privilege without giving any reasons for such action. The record in the case does not elsewhere indicate the trial court's reasons for making the ruling complained of.

The plaintiff's petition named the City of Bedford, which is not a party to this appeal, and the appellant, Texas Securities Corporation, as defendants. The record presented to us (the transcript on this appeal) shows that on August 29, 1969, attorney George W. Boring filed an answer for both defendants which consisted solely of a general denial.

The transcript also shows that on September 3, 1969, attorneys Dobbins, Howard and Harris filed a plea of privilege in behalf of appellant, Texas Securities Corporation, and subject thereto, filed another general denial in appellant's behalf.

The plaintiff, Shirley Peters, who is the appellee here, filed a controverting affidavit to such plea of privilege. A hearing was then held on this venue question. At such hearing the record shows that appearances were made in behalf of the appellant here by attorney George W. Boring, and also by attorney William P. Dobbins.

When this matter was argued on appeal before this court Mr. William P. Dobbins argued in behalf of appellant and attorney George W. Boring was present in the courtroom during the entire argument of this appeal.

■ The law is settled in Texas to the effect that where a defendant makes a general appearance in a case by filing an answer to the merits, any plea of privilege that he might thereafter file in the case is waived as a matter of law. See Chapa, Admrx. v. Cox, 271 S.W.2d 486 (San Antonio, Tex.Civ.App., 1954, no writ hist.); Ware v. Texboro Cabinet Corporation, 350 S.W.2d 47 (Texarkana, Tex.Civ.App., 1961, writ dism.); Reed v. Garlington, 233 S.W.2d 185 (Eastland, Tex.Civ.App., 1950, no writ hist.); Crosby v. Heldt Bros.

Trucks, 394 S.W.2d 235 (San Antonio, Tex.Civ.App., 1965, no writ hist.); Houston Pipeline Company v. Ybanez, 368 S.W.2d 140 (Austin, Tex.Civ.App., 1963, no writ hist.); Leyendecker v. Harlow, 189 S.W.2d 706 (Galveston, Tex.Civ.App., 1945, ref., w. m.); Wolf v. Willingham, 48 Tex.Civ.App. 536, 107 S.W. 60 (1908, no writ hist.); Guillot v. Godchaux, 73 S.W.2d 924 (Dallas, Tex.Civ.App., 1934, no writ hist.); and Foster v. H. O. Wooten Grocer Company, 273 S.W.2d 461 (Eastland, Tex.Civ.App., 1954, no writ hist.).

■ It is still the law in Texas that a plea of privilege has to be filed in due order and venue can be waived by a failure to file such plea in due order. Crosby v. Heldt Bros. Trucks, supra, and Dyer v. Metallic Building Company, 405 S.W.2d 119 (Eastland, Tex.Civ.App., 1966, no writ hist.).

At the hearing of the plea of privilege no evidence was offered by either party tending to show that the appellant here had filed a general denial and had thus entered a general appearance in this case several days before it filed the plea of privilege that is being considered here. These facts clearly appear, however, in the transcript on file in this case in this court in connection with this appeal.

■ The law is that an appellate court will take judicial notice of the entire record of a pending case as it appears in the transcript thereof. Lopez v. Mexico-Texas Petroline & Asphalt Co., 281 S.W. 326 (San Antonio, Tex.Civ.App., 1926, no writ hist.) and Rosenthal v. Groves, 387 S.W.2d 920 (Houston, Tex.Civ.App., 1965, no writ hist.).

The following is from 23 T.J.2d 46, Sec. 26: "* * * a trial court does know judicially the contents of the record and all prior proceedings in a civil cause that is presently before the court. Thus, the court knows judicially the date on which the suit and the pleadings therein where filed, the contents of the pleadings * * *."

In support of the quoted text see: American Fidelity & Casualty Co. v. Bradley, 70 S.W.2d 645 (Amarillo, Tex.Civ.App., 1934, writ dism.); Humphreys v. Young, 293 S. W. 655 (Amarillo, Tex.Civ.App., 1927, no writ hist.); Waggoner v. Edwards, 68 S.W.2d 655 (Amarillo, Tex.Civ.App., 1933, no writ hist.); Eggenberger v. Brandenberger, 74 Tex. 274, 11 S.W. 1099 (1889); Major v. Loy, 155 S.W.2d 617 (Eastland, Tex.Civ.App., 1941, no writ hist.); Cowan v. State, 356 S.W.2d 170 (Austin, Tex.Civ. App., 1962, writ dism.); and Liberty Life Ins. Co. v. Moore, 10 S.W.2d 178 (Amarillo, Tex.Civ.App., 1928, writ dism.).

■ A judge of a district court can take judicial notice of the records of such court and of facts shown by the court records of the case on trial. Traders & General Ins. Co. v. Rhodabarger, 109 S.W.2d 1119 (El Paso, Tex.Civ.App., 1937, writ dism.); Andrews v. Hedrick Sav. Bank of Hedrick, Iowa, 103 S.W.2d 838 (Galveston, Tex.Civ. App., 1937, no writ hist.); Hobbs v. Boyd, 292 S.W. 947 (San Antonio, Tex.Civ.App., 1927, no writ hist.); Bickle v. City of Panhandle, 43 S.W.2d 640 (Amarillo, Tex.Civ. App., 1931, writ ref.); Cochran County v. Boyd, 26 S.W.2d 364 (Amarillo, Tex.Civ. App., 1930, writ ref.).

■ A trial court judicially knows what has previously taken place in the case on trial. Universal Credit Co. v. Vance, 117 S.W.2d 508 (El Paso, Tex.Civ.App., 1938, writ dism.).

■ A party is not required to prove facts that a court is authorized to take judicial notice of. Doppke v. American Bank and Trust Company, 402 S.W.2d 317 (Houston, Tex.Civ.App., 1966, ref., n. r. e.); Missouri Pacific Railroad Company v. Kimbrell, 160 Tex. 542, 334 S.W.2d 283 (1960); and Montgomery Ward & Co. v. Peaster, 178 S.W.2d 302 (Eastland, Tex.Civ.App., 1944, no writ hist.).

"* * * if a fact is judicially noticed, it need not be pleaded or proved." 23 T.J.2d 27, Sec. 10; Andrews v. Hedrick Sav. Bank of Hedrick, Iowa, supra; Olivares v. Garcia, 127 Tex. 112, 91 S.W. 2d 1059 (Tex.Com.App., 1936); Ferguson v. Commissioners Court of Sabine County, 230 S.W.2d 303 (Beaumont, Tex.Civ.App., 1950, no writ hist.); Levlon v. Dallas Ry. & Terminal Co., 117 S.W.2d 876 (Dallas, Tex.Civ.App., 1938, writ ref.); and Taylor v. Hoya, 9 Tex.Civ.App. 312, 29 S.W. 540 (1895, no writ hist.).

■ We conclude that the only proper order for the trial court to enter under the facts of this case in view of the law above referred to was one either dismissing the plea of privilege or overruling it. As stated, the order does not show the trial court's reasons for its ruling.

■ This appellate court can presume that the trial court, in support of its judgment, took judicial notice of the matters mentioned above and this is true even though the trial court was not asked to do so and did not formally announce that it had done so. Buckaloo Trucking Company v. Johnson, 409 S.W.2d 911 (Corpus Christi, Tex.Civ.App., 1966, no writ hist.).

■ In cases where there are no findings of fact and conclusions of law and none requested, the trial court's judgment must be affirmed if it can be upheld on any legal theory that is supported by the evidence. (In this instance by facts that can be judicially noticed.) Seaman v. Seaman, 425 S.W.2d 339 (Tex.Sup., 1968), and Crawford v. Boyd, 453 S.W.2d 232 (Fort Worth, Tex.Civ.App., 1970, ref., n. r. e.).

This rule is applicable here.

The other matters referred to in the briefs become immaterial in view of our holding.

The judgment is affirmed.