**RYMAN WELL SERVICE, INC., Appellant,**

v.

**B. D. HOLT COMPANY, Appellee.**

No. 696.

Court of Civil Appeals of Texas, Corpus Christi.

March 23, 1972.

James R. Clopton, McAllen, for appellant.

Kleberg, Mobley, Lockett & Weil, J. Michael Mahaffey, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a judgment of the 94th District Court of Nueces County, Texas, by which the court denied and struck as a pleading a plea of privilege asserted by appellant. The court found and held that prior to filing its plea of privilege the appellant had filed an answer to the merits of the case and thereby entered a general appearance which waived its right to a change of venue.

Appellant's sole point of error asserts in substance that the trial court erred in overruling appellant's plea of privilege because appellee failed to allege and prove venue in Nueces County as alleged in appellee's controverting plea and that appellee waived any grounds not alleged in that plea. This point is not well taken and the judgment will be affirmed.

Appellee sued appellant on a sworn account by verified petition filed on October 7, 1971. Appellant, on October 13, 1971 filed an original answer consisting of an unsworn general denial and a prayer that appellee take nothing. On October 20, 1971 appellee filed motion for summary judgment which was set for hearing on November 4, 1971. On October 22, 1971 appellant filed another "Defendant's Original Answer" which included a sworn general denial of the claim asserted in appellee's original petition, without reference to a plea of privilege. The transcript herein does not contain a plea of privilege. However, on October 26, 1971, appellee filed a controverting plea, which recited that appellant had filed a plea of privilege on October 22, 1971, and relied on Exception 5 of Article 1995, Vernon's Ann.Civ.St., to sustain venue in Nueces County, Texas. On November 4, 1971 appellee filed a motion to strike appellant's plea of privilege on the basis that appellant had waived its right to seek a change of venue because appellant prior to filing a plea of privilege had filed an answer to the merits. On November 4, 1971, the date set for hearing on appellee's motion for summary judgment, the court considered all matters then before it. Appellee conceded that its motion for summary judgment on the merits was not then well taken because at that time appellant had filed a sworn denial to appellee's petition, and the trial court denied the relief sought by appellee on the merits. However, the trial court rendered judgment which denied and struck appellant's plea of privilege, thereby sustaining venue in Nueces County, Texas. The record reflects that appellant first made a general appearance in the case and thereby waived a plea of privilege which, in any event, was filed at a later time. The ruling of the trial court was correct. See Chapa, Administratrix v. Cox, 271 S.W.2d 486 (Tex.Civ.App., San Antonio, 1954, n. w. h.); Texas Securities Corporation v. Peters, 463 S.W.2d 263 (Tex.Civ.App., Ft. Worth, 1971, n. w. h.), and cases cited in those opinions; Rule 84, Texas Rules of Civil Procedure. Appellant's point is overruled.

The judgment of the trial court is affirmed.