**COMMERCIAL STANDARD INSUR-
ANCE COMPANY, Appellant,**

v.

**Shelton FONDREN, Appellee.**

**No. 7558.**

Court of Civil Appeals of Texas, Beaumont.

May 9, 1974.

Rehearing Denied May 30, 1974.

James E. Faulkner, Coldsprings, for appellant.

Peter J. LaValle, Texas City, J. Ritchie Field, Conroe, for appellee.

STEPHENSON, Justice.

This is an action to recover upon a title insurance policy issued by defendant, Commercial Standard Insurance Company, to plaintiff, Shelton Fondren. Trial was by jury, and judgment was rendered for plaintiff upon the verdict. The parties will be referred to here as they were in the trial court.

Plaintiff purchased 50.2 acres of land in San Jacinto County in 1967. Defendant issued a title insurance policy in the amount of $6,000. Later a trespass to try title suit was filed against plaintiff to recover title to the land covered by defendant's policy. Defendant undertook the defense of such suit. Following a trial and an appeal, an agreed dismissal was entered, and the tract of land was divided with plaintiff losing title to one-half of the property. In the judgment entered in the present case, plaintiff recovered $3,000, which is one-half of the amount of the policy.

Defendant first complains of the failure of the trial court to grant its plea of privilege filed in this case. Their point is overruled. Plaintiff's original petition was July 12, 1972. Defendant filed an answer and cross-action August 4, 1972, and an amended answer and cross-action September 22, 1972. Defendant then filed its plea of privilege March 20, 1973.

Defendant waived its plea of privilege by first filing its answer and cross-ac-

tion. Ryman Well Service, Inc. v. B. D. Holt Company, 478 S.W.2d 801 (Tex.Civ. App., Austin, 1972, no writ); Texas Securities Corporation v. Peters, 463 S.W.2d 263 (Tex.Civ.App., Ft. Worth, 1971, no writ); Dyer v. Metallic Building Company, 405 S.W.2d 119 (Tex.Civ.App., Eastland, 1966, no writ).

Defendant complains of the action of the trial court in refusing to submit to the jury a special issue asking the market value of the land at the time of its purchase by plaintiff in 1967. This point of error is overruled. The policy in question contains these provisions:

> "Said Company shall not be liable in a greater amount than actual monetary loss of assured, and in no event shall said Company be liable for more than SIX THOUSAND AND NO/100 Dollars. . . . [A]nd if such adverse interest, claim, or right so established shall be for less than the whole of the property, then the liability of the Company shall be only such part of the whole liability limited above as shall bear the same ratio to the whole liability that the adverse interest, claim, or right established may bear to the whole property, such ratio to be based on respective values determinable as of the date of this policy."

■ The undisputed evidence shows the title to an undivided one-half interest in the land failed, and not an identifiable segment of the property. The Supreme Court of Texas has held that the policy provision for proportionate payment is not applicable under the circumstances of the present case. Shaver v. National Title & Abstract Co., 361 S.W.2d 867 (Tex.1962).

■ The undisputed evidence also shows plaintiff paid $6,000 for the entire tract at the outset, and $4,000 for ⅘ths of the interest which failed. We are told by the attorneys in their briefs, that the jury found $3,000 would fairly and reasonably compensate plaintiff for his loss. Defendant's attorney testified by bill of exception that the value of the land was between $275 to $325 per acre at the time plaintiff originally purchased the land. Regardless of the manner of calculating plaintiff's actual monetary loss, defendant has demonstrated no harm. There is no evidence in this record which would have supported a jury finding of less than $6,000 as the market value of the entire tract of land at the time of its purchase by plaintiff in 1967.

■ Defendant's next series of points of error relate to fraud. Defendant's pleadings are to the effect that plaintiff made certain representations to defendant's agent who wrote the title policy in issue. It is alleged that such representations were false and were relied upon by such agent. It is contended here that the trial court erred in refusing to submit certain requested issues to the jury relating to the defense of fraud. The state of the record before us makes it impossible to pass upon these points.

A copy of the charge of the court is not included in the transcript before us. The judgment entered by the trial court shows only the following:

> ". . . which answers to such special issues were as follows:
>
> 1. We do.
>
> 2. We do.
>
> 3. $3,000.00.
>
> 4. We do not.
>
> 5. Not answered.
>
> 6. Not answered."

In the judgment, the trial court then found the plaintiff entitled to judgment after considering the pleadings, evidence, and verdict of the jury. Defendant gives no indication in its brief as to what issues

were submitted to the jury. In his brief, after discussing the matter of fraud, plaintiff makes this statement: "Appellant is bound by the findings of fact of the jury that Appellee did not make such representations." Defendant has failed to prove error or harm under Rules of Civil Procedure, rule 434.

Affirmed.