F. Hastings PANNILL, Sr., Appellant,

v.

Ceil W. MOORE, Appellee.

No. 8166.

Court of Civil Appeals of Texas, Beaumont.

Dec. 28, 1978.

Rehearing Denied Feb. 1, 1979.

F. Hastings Pannill, Sr., Houston, T. H. Crofts, Jr., Arch G. Adams, San Antonio, for appellant.

Scott L. Campbell, Phillip Wilson, Dallas, Sawtelle, Goode, Davidson & Troilo, Eugene B. Labay, San Antonio, for appellee.

DIES, Chief Justice.

Defendant below appeals from the overruling of his plea of privilege.

The pleading filed by defendant was styled "Motion for Change of Venue and Plea of Privilege." The first paragraph asks for a change of venue to Crane County, that the suit is one "for the recovery of lands or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, and that such land is located in Crane County, Texas."

The second paragraph begins, "Subject to the with and foregoing Motion for Change of Venue. . . ." etc.; then follows the usual language of a plea of privilege asking that venue be changed to his county of residence—Harris.

In *Texas Highway Department v. Jarrell*, 418 S.W.2d 486, 489 (Tex.1967), we find:

> "Venue cannot be put in issue by pleas to the jurisdiction, pleas in bar, or pleas in abatement, but only by a plea of privilege." (Citing authorities)

A plea of privilege is waived unless filed in due order of pleading, i. e., it must be filed prior to any plea other than that of a special appearance under *Tex.R. Civ.P. 120a; O'Neal v. Texas Bank & Trust Co.*, 118 Tex. 133, 11 S.W.2d 791, 792 (1929); *Dyer v. Metallic Building Co.*, 405 S.W.2d 119, 120 (Tex.Civ.App.—Eastland 1966, no writ); *Commercial Standard Insurance Co. v. Fondren*, 509 S.W.2d 728, 729 (Tex.Civ. App.—Beaumont 1974, no writ). We hold defendant waived his plea of privilege by filing it subject to the motion for a change of venue, and thus we overrule his first four points of error.

In Point of Error No. 5, defendant contends that plaintiff's amending of her petition allowed him to amend his plea of privilege, and exclude the motion for change of venue. The rule would permit defendant's amendment if plaintiff's amended petition injected into the lawsuit a matter that was materially different in substance or form or appreciably altered the rights and obligations of the parties to the prejudice of defendant. See *International Shelters, Inc. v. Pinehurst Inv. Corp.*, 474 S.W.2d 497, 500 (Tex.Civ.App.—Corpus Christi 1971, writ dism'd), and authorities there cited.

In plaintiff's original petition, the prayer was for an accounting, sums due, "a judgment that property held by Defendants . . . is held in a constructive trust for Plaintiff," a permanent injunction, and punitive damages.

Plaintiff's amended petition asks for an accounting "for all monies and property . . . acquired as a result of a fiduciary duty," a money judgment based on the accounting and that "stock ownership . . . and other property owed to Plaintiff by Defendants . . . be held in a constructive trust . . .," plus punitive damages.

We hold that this change is slight, and not materially different from the original pleading. This point is overruled. Defendant has one other point which we find without merit, and it is overruled. The order of the trial court is affirmed.

AFFIRMED.