## RADFORD et al. v. HUTTO et al.
### No. 4845.

Court of Civil Appeals of Texas. Amarillo.
Jan. 17, 1938.

Rehearing Denied Feb. 21, 1938.

W. E. Lessing, of Abilene, for appellants.

Lee R. York, of Abilene, and Sterling Williams, of Snyder, for appellees.

JACKSON, Chief Justice.

The appellee, the Snyder National Farm Loan Association, of Scurry county, filed in the court of Garza county its bill of interpleader complaining of James R. Hutto, who resides in said county, and the appellants, O. E. Radford, Mrs. Bessie M. Radford, J. F. Handy, Rupert Harkrider, H. M. Harrison, and R. E. McDonald, individually, and as executors of the estate of J. M. Radford, deceased, who reside in Taylor county.

The appellee alleged that J. R. Hutto had acquired 90 shares of its capital stock of the par value of $450 in connection with a loan he obtained from the Federal Land Bank of Houston, and the land upon which the lien was given to the Houston bank to secure payment of the loan had been sold by J. R. Hutto to the appellants, either as individuals, or in their capacity as executors of the estate of J. M. Radford, deceased; that the loan due the Houston bank had been paid and the lien discharged, and under the terms of the Federal Farm Loan Act, as amended, 12 U.S.C.A. § 641 et seq., appellee is required to retire the 90 shares of said capital stock after the payment of said loan, and is liable to the owner of such stock for the par value thereof; that James R. Hutto claims and demands said fund, and appellants also assert their claim thereto and demand the payment thereof to them; that appellee has no interest in the fund, is entirely impartial, and is a stakeholder only, but because of the controversy between J. R. Hutto and appellants as to the ownership of the fund, is uncertain as to which claimant the money should be paid; that payment to either Hutto or

appellants would be at its peril since appellee has no way to protect itself from liability should it pay the fund to the claimant not entitled thereto, says it has tendered into the registry of this court the $450, and prays that Hutto and the appellants be cited to appear, assert their respective claims so on a trial, the court may determine the owner of the fund and direct the payment thereof to such owner and discharge appellee from further liability.

On October 27, 1936, Hutto answered and admitted that he was a resident of Garza county and that appellants were each residents of Taylor county. He alleged he had obtained a loan of $9,000 from the Federal Land Bank of Houston and had given a lien on 1,272 acres of land, which he described, to secure its payment. He pleaded as an incident of this loan transaction he had purchased 90 shares of the capital stock of the appellee for $450 and hypothecated it to the Houston bank as additional security; that he had conveyed the land to appellants subject to the lien held by the Houston bank, but had not sold or transferred to them the capital stock; he claimed said stock and that the funds arising therefrom belongs to him. He asserted in effect that any claim of appellants was fraudulent and without consideration and prayed that the $450 be decreed to him and that he have judgment against appellants for interest and cost, including whatever sum the court allowed the attorney of appellee as a fee.

The appellants on October 31st, thereafter, which was in due time, filed their plea of privilege in proper form, asking that the case be transferred to the place of their residence, Taylor county.

On November 4th, following, the appellee, making its petition a part thereof, filed its controverting affidavit to the plea of privilege, asserted that the court had venue under subdivisions 4 and 29a of the venue statute, Vernon's Ann.Civ.St. art. 1995, because James R. Hutto, one of the claimants of the fund, was a resident of Garza county, and that appellants, who also claimed the fund, were necessary parties to the suit.

J. R. Hutto had answered claiming the fund, and pleaded his cross-action against appellants prior to the filing of their plea of privilege, but they did not assert their privilege against such cross-action and

the question of venue was an issue between appellee and appellants.

On a hearing, the plea of privilege was overruled and from this action of the court this appeal is prosecuted.

The statement of facts contains the evidence of but one witness, J. R. Hutto, whose only testimony is to the effect that he is one of the defendants of the suit and a resident of Garza county.

Appellants do not contend that there was not a bona fide controversy between them and Hutto, that appellee was not uncertain as to the ownership of the fund, or that its payment to either would not subject appellee to such hazard as would authorize it to invoke the remedy of interpleader.

The record discloses conclusively that the appellants resided in Taylor county and J. R. Hutto was a resident of Garza county, in the county court of which appellee filed its bill of interpleader.

The appellants challenge as error the action of the court in overruling their plea of privilege because appellee failed to prove by independent testimony that it had a cause of action against J. R. Hutto and that appellants were necessary parties to the suit, both of which were venue facts appellee was required to prove before the suit could be maintained against them in Garza county.

The only cause of action appellee had against either Hutto or the appellants was the equitable remedy of interpleader, the purpose of which is to require the adverse claimants to have the court ascertain in a suit between themselves their title to the funds and thereby protect innocent and disinterested stakeholders from deciding at their peril the questions of law and fact involved in the controversy between the adverse claimants. Nixon v. New York Life Insurance Company, 100 Tex. 250, 262, 98 S.W. 380, 99 S.W. 403; Hall, Com'r of Insurance and Banking et al., v. San Jacinto State Bank et al., Tex. Civ.App., 255 S.W. 506.

Prior to the filing of the plea of privilege by appellants, J. R. Hutto, one of the claimants, filed his answer and cross-action in which he claimed the fund, asserted his right thereto, and sought a recovery thereof.

In the absence of collusion between him and appellee, of which there is not a sug-

gestion, this pleading, while not proof of the allegations therein, constituted an admission of appellee's cause of action against him and independent proof of this venue fact was not required.

So far as pertinent to this controversy, the language in exception 4 of the venue statute, Vernon's Ann.Civ.St. art. 1995, is as follows: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

■ Where two or more defendants reside in different counties and are sued in the county where one resides and the nonresident asserts his privilege to be sued in the county of his residence, the plaintiff must allege and prove by affirmative testimony that one of the defendants resides in the county where the suit is pending and must show the nonresident is properly joined in the suit, but to show this last venue fact, affirmative evidence is not required. Compton v. Eilliott, 126 Tex. 232, 88 S.W.2d 91.

■ The proposition that appellee was required to prove by independent and affirmative testimony that they were necessary parties to the suit is, in our opinion, settled adversely to their contention by the Supreme Court in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1301, in the following questions and their answers thereto:

" '1st. Where, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the petition alleges a joint cause of action against both of them, and the non-resident defendant files his plea of privilege to be sued in the county of his residence, and where venue is sought to be sustained under exception 4, art. 1995, is it incumbent upon the plaintiff, in order to sustain the venue as laid, to prove a cause of action against the nonresident defendant?

" '2nd. Under the conditions set forth in the next preceding question, would the plaintiff establish his right to maintain venue where laid by alleging a joint cause of action against the two defendants and making proof of a cause of action against the resident defendant? * * *'

"Our answer to the first question certified is: When, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the nonresident defendant files a plea of privilege to be sued in the county of his residence and the plaintiff seeks to sustain venue under exception 4 of article 1995, it is not incumbent upon the plaintiff in order to sustain the venue as laid to prove a cause of action against the nonresident defendant.

"To the second question we answer: Under the conditions set forth in the answer to the first question, the plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further fact that plaintiff has a cause of action as alleged against the resident defendant."

The testimony is conclusive that J. R. Hutto resided in Garza county where the suit was instituted. His answer admitted appellee's cause of action against him, and, in our opinion, the allegations in the bill of interpleader show a joint cause of action against the resident and nonresident defendant and that the proof of the nature thereof is supplied by the allegations in the bill. It is, we think, very significant, if appellants were not claiming the money as appellee alleged, that they asserted their privilege to be sued in the county of their residence, since by filing a disclaimer to the fund they could have relieved themselves of all liability.

The judgment is affirmed.