RADFORD et al. v. SNYDER NAT. FARM
LOAN ASS'N et al.

No. 4949.

Court of Civil Appeals of Texas. Amarillo.

Nov. 7, 1938.

W. E. Lessing, of Abilene, for appellants.

Lee R. York, of Abilene, for appellee J. R. Hutto.

JACKSON, Chief Justice.

The Snyder National Farm Loan Association of Scurry County, hereafter called the association, instituted an equitable proceeding in the county court of Scurry County, the purpose of which was to require adverse claimants to ascertain in a suit between themselves the owner of a certain fund.

The association alleged that it had ninety shares of capital stock of the par value of $450 which it had issued to James R. Hutto, who had hypothecated it as collateral in connection with a loan he had obtained from the Federal Land Bank of Houston; that he had, as further security, executed and delivered to the bank a deed of trust on 1,272 acres of land in Garza County, and was claiming the stock and the money due thereon. That O. E. Radford, Mrs. Bessie M. Radford, J. F. Handy, Rupert Harkrider, H. M. Harrison and R. E. McDonald, individually, and as heirs and executors of the estate of J. M. Radford, deceased, were claiming the stock and the money due thereon adversely to James R. Hutto; that the association was an innocent stake holder and invoked the jurisdiction of the court to require the adverse claimants to come into court and litigate their claims thereto so the true owner thereof could be adjudicated and the association judicially informed to which of the claimants the money should be paid.

The case was formerly before this court on an appeal from a judgment overruling a plea of privilege urged by the claimants under J. M. Radford, deceased. Radford et al. v. Hutto et al., 113 S.W.2d 563.

Mr. Hutto, herein called appellee, answered that he had obtained a loan of $9,000 from the Federal Land Bank of Houston and given a lien on 1,272 acres of land to secure the payment thereof. He asserted as an incident of this loan that he had purchased ninety shares of the capital stock of the association and hypothecated it to the Houston bank as additional security; that he conveyed the land to appellants subject to the lien held by the Houston bank but had not sold or transferred to them the capital stock; that any claim of appellants was fraudulent and without consideration, and prayed that the $450 be adjudged to him, together with a reasonable attorney fee for the association.

In the trial on the merits, all the parties claiming under J. M. Radford, deceased, either as executors or otherwise, save and except O. E. and B. M. Radford, who are hereafter called appellants, filed pleas of disclaimer and on such pleas were acquitted of all liability.

The appellants, in effect, admitted in their pleading that the facts of the loan transaction between Mr. Hutto and the Land Bank of Houston were substantially as pleaded by appellee, but in a cross-action alleged that appellee was due J. M. Radford a debt secured by a lien inferior to the lien of the Land-Bank on the same 1,272 acres of land; that this indebtedness had been reduced to a judgment amounting to $10,818.46; the lien had been foreclosed and a sale ordered as under execution, but prior to the consummation of the sale, by agreement, appellee had sold to appellants the land and stock here involved subject to the indebtedness and lien held by the land bank, who thereby acquired title to the stock and was entitled to the money due thereon.

The case was submitted to the court without the intervention of a jury and judgment entered that appellee is entitled to the $450.

■■ The record shows that Mr. Hutto, through the association, obtained a loan of $9,000 from the Federal Lank Bank, and in the transaction subscribed for and had issued to him ninety shares of the capital stock of the association of the par value of $450, and hypothecated this stock to the land bank as collateral; that later he became indebted to J. M. Radford, and to secure such indebtedness, gave Mr. Radford a deed of trust on the 1,272 acres of land covered by the lien of the bank. On the indebtedness of J. M. Radford, a judgment was obtained against appellee for $10,818.46, and he conveyed the land involved to the appellants, subject to the debt and lien of the bank, for a recited consideration of $3,983.53 and secured a full release from the judgment. Though controverted, the testimony supports the conclusion that in

the negotiations between the appellee and appellants for the purchase and sale of the land and the release of this judgment, nothing was said relative to a transfer or sale of the stock involved in this suit and it was not included in that transaction but remained the property of appellee. It was two years later that appellants sent to the appellee an assignment which "for a valuable consideration * * * sold, transferred, set over and assigned" to the appellants "all the stock in the Federal Loan Association subscribed" for by appellee in connection with the loan from the land bank.

This assignment was accompanied by a letter advising appellee that the attorney of appellant did not get or had misplaced the assignment of the stock issued and concluded, "I am enclosing herewith a transfer of this stock as it is necessary to fully clear the title to the land. Please sign this and return to me."

The appellee executed and returned this assignment and this, together with the letter, are all the representations made by appellants which appellee claims to show misrepresentations and fraud. The association refused to recognize and accept this assignment but required another which appellants forwarded to appellee, who refused to sign because he claimed the stock had not been sold, nothing had been paid therefor, and the former assignment was only to clear the title to the land and not to transfer the stock to appellants.

In our opinion, the testimony fails to show that appellee was induced by actual fraud to execute the assignment, but the testimony does warrant the finding that the stock was not included in and was no part of the purchase and sale of the land in satisfaction of the judgment, and that appellants paid appellee no consideration therefor and this would constitute legal fraud.

"Want or failure of consideration is ground for cancellation or rescission of a contract, since, as to a person who receives nothing whatever of value in exchange for property, the transaction operates as constructive or legal fraud." 10 Tex.Jur. 114, para. 65.

■ The testimony we think also sufficient to warrant the conclusion that, at the time of the purchase and sale of the land and at the time of the execution of the assignment, it was not the intention of the parties to pass title of the stock from appellee to appellants. Barton, Sheriff, et al. v. Lary, Tex.Civ.App., 283 S.W. 920; 37 Tex.Jur. 222.

"A recital in a written contract of the consideration, or that it has been paid, is prima facie evidence of the fact recited; any written instrument reciting a consideration imports one. But the recital is not conclusive either as to the amount of the consideration or the fact of payment, and may be refuted on either point by evidence. The true consideration may be shown by parol or other extrinsic evidence to be different from that expressed, without a pleading of fraud, accident or mistake, except where the recited consideration is promissory or contractual in character. Questions for the jury's determination are raised ordinarily by the issues as to what the true consideration was, and as to whether it was actually paid." 10 Tex.Jur. 119, 120, para. 69.

In view of the findings of the court on sufficient testimony that appellee received no consideration for his stock, the judgment of the trial court is affirmed.