VAHLSING, INC., Appellant,

v.

MISSOURI PACIFIC RAILROAD COMPANY, Appellee.

No. 1248.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 28, 1978.

Rehearing Denied March 31, 1978.

Ted R. Cackowski, Austin, for appellant.

Harry L. Hall, McAllen, for appellee.

## OPINION

NYE, Chief Justice.

This is a plea of privilege case. Plaintiff, Missouri Pacific Railroad Company, filed suit against defendants, Vahlsing, Inc., and Xonu Intercontinental Industries, Inc., to recover on a $20,000 note executed by Vahlsing and on a security agreement executed by Xonu. Only Vahlsing filed a plea of privilege which was overruled by the trial court. Vahlsing has perfected its appeal to this Court.

Plaintiff Railroad Company alleged that the note and the security agreement were executed and delivered to plaintiff in partial settlement of a certain case then pending in the 139th Judicial District Court of Hidalgo County, Texas, styled *Missouri Pacific v. Vahlsing, Inc.* (Cause No. C–11494). In order to secure the payment on the note, the security agreement gave to the Railroad Company a security interest in crops Xonu promised to grow on land it owned in Cameron County. Copies of the note, the security agreement, financing statement and a resolution of Xonu's Board of Directors authorizing its President to execute and deliver the security agreement to plaintiff were attached to plaintiff's petition. Plaintiff alleged that Vahlsing had defaulted on its obligation under the note; that there was no collateral upon which to foreclose because Xonu had breached its promise (to plant certain crops) under the security agreement; and that in any event Xonu had rendered compliance with the security agreement impossible because it had sold its land to a third party. Plaintiff prayed for the court to enter judgment against both defendants, to determine any subrogation rights of Xonu and to issue execution against Xonu.

Defendant Xonu answered but did not file a plea of privilege to be sued in San Patricio County, the county of its registered office. Defendant Vahlsing filed a general denial subject to a plea of privilege which

alleged venue to be in Dallas County, the county of its registered office. Plaintiff Railroad Company controverted Vahlsing's plea of privilege and alleged that venue was proper against Xonu under either Subdivision 5 or 23, and since Vahlsing was a necessary party, venue was in turn proper as to Vahlsing under Subdivision 29a of Article 1995. Although Xonu received notice of the venue hearing, Xonu did not attend. The trial court overruled Vahlsing's plea of privilege without filing findings of fact or conclusions of law.

Prior to the institution of this suit in Cameron County, Texas, Vahlsing, Inc., on July 14, 1974, had filed its Original Chapter XI proceeding in the United States District Court for the Southern District of Texas. Accordingly, all proceedings in State Court against Vahlsing, Inc., were automatically stayed during the pendency of the bankruptcy. On December 29, 1976, plaintiff Railroad Company received leave of the Bankruptcy Court to proceed against Vahlsing, Inc., in this suit "but with the provision that no execution could be issued on any Judgment rendered against Vahlsing, Inc." Regardless of the outcome of this suit, the liability of Vahlsing, Inc., to Missouri Pacific Railroad Company, appellee herein, will be discharged in accordance with the plan of arrangement of Vahlsing, Inc., in the Bankruptcy Court which has been accepted by the requisite number of creditors.

Vahlsing in three points of error, complains that the trial court erred: (1) in admitting into evidence the security agreement of defendant Xonu, (2) in overruling its plea of privilege because there was no evidence that the plaintiff Railroad Company had a cause of action or part thereof arising in Cameron County against defendant Xonu (Subdivision 23), and, (3) there was no evidence that Vahlsing was a necessary party to any cause of action asserted against defendant Xonu (Subdivision 29a).

■ At the hearing on Vahlsing's plea of privilege, the security agreement of Xonu was admitted into evidence without proof of execution. Vahlsing objected to

the introduction of the security documents on the ground that Xonu's interests were not in issue at the plea of privilege hearing. The plaintiff Railroad Company introduced into evidence Xonu's first amended answer which did not deny that Xonu had executed the security agreement. Even if it had denied execution of the agreement, Xonu would have had to deny it under oath.

A denial of the execution of a written instrument must be verified or the written instrument shall be received in evidence as though fully proved, Rule 93 T.R.C.P.[1] We recognized the general rule that a private writing must be proved to be genuine and executed by the party to be charged with its execution before it can be admitted into evidence. *Borak v. Bridge,* 524 S.W.2d 773, 777 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *Morris v. Ratliff,* 291 S.W.2d 418, 422 (Tex.Civ.App.—Dallas 1956, writ ref'd n. r. e.); *Bliss v. City of Fort Worth,* 288 S.W.2d 558 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n. r. e.). This general rule has particular force when the written instrument is offered against a person not a party to the writing.

However, where a venue fact is one which can be put in issue only by a verified pleading and the defendant does not interpose such a plea, the plaintiff is not required to prove the same. *Ladner v. Reliance Corp.,* 156 Tex. 158, 293 S.W.2d 758, 763 (1956); *Wallace v. Income Properties/Equity Trust of Santa Ana, California,* 538 S.W.2d 17, 19 (Tex.Civ.App.—Austin 1976, writ dism'd); *International Shelters v. Pinehurst Inc.,* 474 S.W.2d 497, 500 (Tex.Civ.App.—Corpus Christi 1971, writ dism'd). Vahlsing argues here that since the security agreement was not "charged to have been executed by" Vahlsing, Vahlsing was not required to deny its execution under Rule 93(h) and, therefore, it was error for the trial court to admit the document without proof of execution. We do not agree. The purpose of introducing the se-

curity agreement was to show proper venue in Cameron County against Xonu. Subdivision 29a of Article 1995, supra, provides:

"29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any such defendants, then such suit may be maintained in any such county against any and all necessary parties thereto."

Exception 29a must always be considered in conjunction with some other subdivision of Article 1995. Under Subdivision 29a plaintiffs had the burden to prove venue facts that show venue was maintainable *against* Xonu under another exception to the venue statute, in this case Subdivision 5 and/or Subdivision 23.

In order to maintain venue under Subdivision 5 of Article 1995, Tex.Rev.Civ.Stat. Ann., the plaintiff must prove: (1) an obligation in writing; (2) the execution by the defendant; and (3) that it is performable in the county of the suit. *Macpet v. Oil Field Maintenance Co.,* 538 S.W.2d 240 (Tex.Civ. App.—Corpus Christi 1976, no writ); *Public Service Life Insurance Company v. Copus,* 494 S.W.2d 200 (Tex.Civ.App.—Tyler 1973, no writ); *Pitt Grill, Inc. v. Albert,* 432 S.W.2d 160 (Tex.Civ.App.—Dallas 1968, no writ); *Hess v. Young,* 160 S.W.2d 574 (Tex. Civ.App.—Waco 1942, no writ). Plaintiff only indirectly, if at all, introduced the security instrument into evidence against defendant Vahlsing. The security agreement showed that the plaintiff Railroad Company had a cause of action against Xonu in Cameron County. Therefore, absent a verified denial of the execution of the security agreement by Xonu, its execution was not in issue at the plea of privilege even though Xonu did not file a plea of privilege. *Wallace v. Income Properties/Equity Trust of Santa Ana, California,* supra 538 S.W.2d at

---

1. Rule 93 provides in part: "(A) pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit . . . (h) Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or his authority, and not alleged to be lost or destroyed."

19; cf. *Key v. Mineral Wells Inc. Co.*, 96 S.W.2d 804, 805 (Tex.Civ.App.—Eastland 1936, no writ); *Radford v. Hutto*, 113 S.W.2d 563, 564–65 (Tex.Civ.App.—Amarillo 1938, no writ). Defendant's point of error one is overruled.

■ To invoke the provisions of Subdivision 23 in this case, plaintiff had to prove (1) that defendant was a corporation; (2) that plaintiff has a cause of action against defendant; and (3) that cause of action, or part thereof, arose in Cameron County. See *Kunz Construction Co. v. Debus*, 459 S.W.2d 661 (Tex.Civ.App.—Corpus Christi 1970, no writ); *Appell Petroleum Corp. v. Townsend Lease Serv.*, 375 S.W.2d 547 (Tex.Civ.App.—Corpus Christi 1964, no writ). A "cause of action" is established by facts which show plaintiff's primary right and defendant's act or omission which violates that right. *Socony Mobil Co., Inc. v. Southwestern Bell Tel. Co.*, 518 S.W.2d 257, 267 (Tex.Civ.App.—Corpus Christi 1974, no writ); 1 McDonald, Texas Civil Practice, § 4.30.2 (1965).

In point of error two, defendant contends there is no evidence in the record of a cause of action, or part thereof, arising in Cameron County against Xonu, and, therefore, venue under Subdivision 23 must fail.

■ Having determined that the security agreement was properly admitted into evidence, we find that such agreement granted plaintiff a security interest in the following collateral:

"all grain to be grown during 1974, 1975 and 1976 on Tract Z, containing 640 acres, out of La Feria Grant (Balli unsubdivided), and Lot 10, containing 29.73 acres, all out of the La Feria Grant in Cameron County, Texas, and more fully described in . . . ."

The security agreement also contained the following:

"Debtor (Xonu) warrants, covenants, represents and agrees as follows:

(6) Approximately 400 acres of grain will be planted and raised on the above described property during 1974, and approximately the same amount will be planted during each of the years 1975 and 1976, provided, that if the note hereby secured is liquidated prior to June 1, 1976, this obligation on the part of Debtor for 1976 will not be applicable or required."

In its second amended original petition and in its controverting affidavit, the plaintiff Railroad Company alleged that on February 18, 1975, Xonu sold and conveyed the land on which the grain was to be raised in 1975 and 1976 which rendered impossible Xonu's compliance with the above provisions.

Vahlsing, on the other hand, argues that there is "no evidence one way or another whether or not any grain was grown or not grown", and, therefore, plaintiff failed to prove that the "cause of action or a part thereof", arose in Cameron County. The record shows that the plaintiff Railroad Company introduced certified copies of three deeds. The third deed is a general warranty deed from Xonu, conveying the land in the La Feria Grant in Cameron County, Texas, to The Northern Trust Co., as trustee. The other two deeds were offered for the purpose of demonstrating that the land conveyed and sold by Xonu was the same land described in the security agreement.

Although there was no direct evidence that Xonu failed to grow the grain as required in the agreement during the years 1975 and 1976, such fact may be fairly and reasonably inferred from the fact that Xonu conveyed away its interest in the land that was subject to the security agreement. Any ultimate issue, including venue facts, may be established by circumstantial as well as direct evidence. *Pundt v. McNeill*, 500 S.W.2d 559 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Southern Pacific Transport Co. v. State Farm Mutual Ins.*, 480 S.W.2d 59 (Tex.Civ.App.—Corpus Christi 1972, no writ); *Carter v. Walton*, 469 S.W.2d 462 (Tex.Civ.App.—Corpus Christi 1971, no writ). A fact is established by circumstantial evidence when the fact may be fairly and reasonably inferred from other facts proved in the case. *Larson v. Ellison*, 147 Tex. 465, 217 S.W.2d 420, 421 (1949). Vahlsing brings forward no further

complaints concerning the trial court's implied findings concerning Subdivision 23. Vahlsing's second point of error is overruled.

In its third point Vahlsing contends there is no evidence that Vahlsing is a necessary party within the meaning of Subdivision 29a. We hold that Vahlsing has waived the right to complain of any error the trial court might have made by the implied finding that Vahlsing is a necessary party.

At the plea of privilege hearing, the attorneys for the various parties were questioned by the trial Judge. At that hearing the attorney for plaintiff Railroad Company reminded the trial court that Xonu had filed a motion to dismiss the case because Vahlsing was not a party to the suit and it was a necessary party. At that pretrial hearing, the trial court required plaintiffs to make Vahlsing a party defendant. Vahlsing's president, Mr. F. H. Vahlsing, filed an affidavit with the court in support of the motion to dismiss because it, too, believed it was a necessary party. Not only does the record demonstrate that there was ample evidence that Vahlsing was a necessary party, but it also shows that Vahlsing conceded that it was a necessary party when the attorney for Vahlsing told the trial court:

> "Now, this Court, as I understand from reviewing the briefs on file, has previously ruled that Vahlsing, Inc., is a necessary party. I have read some cases, and I wouldn't expect to argue it at this point . . . But I think the Court has to rule consistently, because of your rule they are now not a necessary party, then you send off to another county and you have the other party here again moving to dismiss on the ground of indispensable party. But that certainly, in the event of appeal, would have to be considered."

It is axiomatic that a party is not required to prove facts that a trial court judicially knows. A trial judge judicially knows what has previously taken place in the case on trial. *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274, 276 (1961); *Trad-* ers & General Ins. Co. v. Rhodabarger, 109 S.W.2d 1119 (Tex.Civ.App.—El Paso 1937, writ dism'd); *Andrews v. Hedrick Sav. Bank of Hedrick, Iowa,* 103 S.W.2d 838 (Tex.Civ.App.—Galveston 1937, no writ); *Universal Credit Co. v. Vance,* 117 S.W.2d 508 (Tex.Civ.App.—El Paso 1938, writ dism'd); *Hobbs v. Boyd,* 292 S.W. 947 (Tex. Civ.App.—San Antonio 1927, no writ); *Bickle v. City of Panhandle,* 43 S.W.2d 640 (Tex.Civ.App.—Amarillo 1931, writ ref'd); *Cochran County v. Boyd,* 26 S.W.2d 364 (Tex.Civ.App.—Amarillo 1930, writ ref'd); *Doppke v. American Bank and Trust Company,* 402 S.W.2d 317 (Tex.Civ.App.—Houston 1966, ref'd n. r. e.); *Montgomery Ward & Co. v. Peaster,* 178 S.W.2d 302 (Tex.Civ. App.—Eastland 1944, no writ).

This appellate court can presume that the trial court, in support of its judgment, took judicial notice of the matters mentioned above. This is true even though the trial court was not asked to do so and did not formally announce that it had done so. *Texas Securities Corporation v. Peters,* 463 S.W.2d 263 (Tex.Civ.App.—Amarillo 1971, no writ); *Buckaloo Trucking Company v. Johnson,* 409 S.W.2d 911 (Tex.Civ.App.— Corpus Christi 1966, no writ).

In cases such as this where there were no findings of fact or conclusions of law requested or filed, the trial court's judgment must be affirmed if it can be upheld on any legal theory that is supported by the evidence. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex.Sup.1968); *Warren v. Davis,* 539 S.W.2d 907 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Haas v. Gulf Coast Natural Gas Co.,* 484 S.W.2d 127 (Tex.Civ. App.—Corpus Christi 1972, no writ); *City of Corpus Christi v. Gilley,* 458 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.). Vahlsing's point of error number three is overruled.

We hold that venue was maintainable under Subdivisions 5 and 23 and that Vahlsing was a necessary party as provided by Subdivision 29a of Art. 1995. The judgment is AFFIRMED.