

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00390-CV

**IN THE INTEREST OF A.O.**, a Child

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-01910
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Rebecca Simmons, Justice

Delivered and Filed:   November 14, 2012

AFFIRMED

Mary O. appeals the trial court's order terminating her parental rights to A.O. Mary asserts the evidence adduced at trial was not legally or factually sufficient to find that A.O. was removed from her care under Texas Family Code Chapter 262 for abuse or neglect. For the reasons discussed below, we affirm the trial court's order.

### BACKGROUND

#### A. Department Referral

On June 18, 2011, the Department of Family and Protective Services received a referral alleging that A.O. was suffering from physical abuse and neglectful supervision. A.O. was living with her father, Frank O., but not with her mother Mary O. Frank and Mary were married but had been separated for several years and were living apart. The referral alleged that one of

Frank's housemates gave nine-year-old A.O. an alcoholic beverage. The Department investigated; the investigator's report stated that Frank's housemate was using drugs because "she was seen with 'fresh track marks.'" During the Department's investigation, Frank and his two housemates tested positive for methamphetamines and amphetamines.

## B. A.O.'s Removal

On June 22, 2011, at the Department's initiative, A.O. was removed from Frank's home to live with family friends in accordance with a Protective Child Safety Placement. On July 29, 2011, when the friends could no longer care for A.O., the Department petitioned for conservatorship of A.O. and to remove A.O. from the home. In the investigator's affidavit in support of the Department's petition, the investigator stated that Frank's housemate had given A.O. alcohol to drink, and the investigator believed it was not in A.O.'s "best interest to be in the care of her parents Frank [O.] or Mary [O]." In its July 29, 2011 protective order, the trial court found A.O. had been the victim of neglect or abuse; it ordered A.O. removed and awarded temporary sole managing conservatorship of A.O. to the Department. The court also ordered both Frank and Mary to comply with their service plan requirements, which included attending counseling sessions, submitting to drug testing, signing release of medical information authorization forms, and other requirements.

## C. Bench Trial

After a series of permanency hearings over several months, the case was set for trial. At the bench trial on May 29, 2012, the Department did not introduce any exhibits into evidence. Its caseworker testified that neither Mary nor Frank complied with all the provisions of their service plans. She testified that Mary tested positive for methamphetamines, failed to sign the release of medical information forms, and failed to complete her counseling—all violations of

her service plan. Both the caseworker and the Court Appointed Special Advocate (CASA) worker assigned to A.O. recommended terminating both Mary's and Frank's parental rights. At the conclusion of the trial, the court terminated Mary's and Frank's parental rights to A.O. In its oral pronouncement from the bench, the court stated it found by clear and convincing evidence that termination of Mary's and Frank's parental rights was in A.O.'s best interest; it terminated Mary's rights on two grounds: (O), that she failed to comply with her service plan, and (P), that she engaged in continued drug use that endangered her child. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012). In its written order, all of the listed bases for termination of Mary's parental rights were struck through except for those corresponding to subsections (F), (O), and (P). Mary appeals the trial court's order.

## STANDARD OF REVIEW

When a parent challenges the legal sufficiency of a finding on which the trial court relied to terminate her parental rights to her child, we review "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that [the court's] finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002); *In re T.N.S.*, 230 S.W.3d 434, 438 (Tex. App.—San Antonio 2007, no pet.). We disregard evidence that a reasonable fact-finder could disregard, but we consider undisputed facts. *In re J.F.C.*, 96 S.W.3d at 266; *see In re T.N.S.*, 230 S.W.3d at 438. When a finding is challenged for its factual sufficiency, we "give due consideration to evidence that the fact[-]finder could reasonably have found to be clear and convincing." *In re J.F.C.*, 96 S.W.3d at 266; *accord In re T.N.S.*, 230 S.W.3d at 438. If we determine that the "disputed evidence is such that a reasonable fact[-]finder could not have resolved that disputed evidence in favor of its

finding . . . then the evidence is factually insufficient." *In re J.F.C.*, 96 S.W.3d at 266; *accord In re T.N.S.*, 230 S.W.3d at 438.

**ANALYSIS**

**A. Applicable Law**

 *1. Requirements for Termination of Parental Rights*

A court may terminate a parent's rights to her child "if the court finds by clear and convincing evidence" that (1) the parent has met one or more of the statutory grounds for termination and (2) "termination is in the best interest of the child." TEX. FAM. CODE ANN. § 161.001; *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). "Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.*, 113 S.W.3d at 362; *accord In re S.F.*, 32 S.W.3d 318, 321 (Tex. App.—San Antonio 2000, no pet.). One of the statutory grounds for termination is when the parent has

> (O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

TEX. FAM. CODE ANN. § 161.001(1)(O); *see In re J.F.C.*, 96 S.W.3d at 284. To support termination on subsection (O) grounds, the Department must prove the child was removed due to abuse or neglect. TEX. FAM. CODE ANN. § 161.001(1)(O); *In re A.A.A.*, 265 S.W.3d 507, 515 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). "However, subsection (O) does not require that the parent who failed to comply with a court order be the same parent whose abuse or neglect of the child warranted the child's removal." *In re D.R.A.*, 374 S.W.3d 528, 532 (Tex.

App.—Houston [14th Dist.] 2012, no pet.); *accord In re S.N.*, 287 S.W.3d 183, 188 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

### 2. *Judicial Notice of Court's Own Record*

"[A] trial court is presumed to 'judicially know[] what has previously taken place in the case' tried before it . . . ." *In re J.J.C.*, 302 S.W.3d 436, 446 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (second alteration in original) (quoting *Vahlsing, Inc. v. Mo. Pac. R.R. Co.*, 563 S.W.2d 669, 674 (Tex. Civ. App.—Corpus Christi 1978, no writ)); *accord In re J.E.H.*, No. 04-12-00110-CV, 2012 WL 4579296, at *3 (Tex. App.—San Antonio Oct. 3, 2012, no pet. h.). "A court may not, however, take judicial notice of the *truth* of allegations in its records." *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex. App.—Austin 1994, no writ); *accord In re J.E.H.*, 2012 WL 4579296, at *3. It may not do so, *inter alia*, because "[a] judicially noticed fact must be one not subject to reasonable dispute." TEX. R. EVID. 201(b); *accord In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). But a trial court may take judicial notice of its previous orders and findings of fact from the same case. *See In re J.E.H.*, 2012 WL 4579296, at *3; *In re J.J.C.*, 302 S.W.3d at 446. It does not have to state on the record that it took judicial notice of its previous findings in order to rely on them in its later judgment. *See In re J.E.H.*, 2012 WL 4579296, at *3; *In re A.X.A.*, No. 04-09-00519-CV, 2009 WL 5150068, at *4 n.3 (Tex. App.—San Antonio Dec. 30, 2009, no pet.) (mem. op.).

## B. Mary's Argument

On appeal, Mary does not contest the trial court's findings that she failed to comply with at least one provision of her service plan, that the Department had temporary managing conservatorship over A.O. for at least nine months, or that termination of her parental rights was in A.O.'s best interest. Instead, she asserts that under section 161.001(1)(O), the Department

must prove A.O. was removed from Mary's home under Chapter 262 for abuse or neglect. Mary insists that the clerk's record is not evidence, the Department adduced no evidence at trial to show that A.O. was removed from Mary's home for reasons of abuse or neglect, and thus the evidence was legally and factually insufficient to support termination of her parental rights under subsection (O).

## C. Trial Court's Findings

In its July 29, 2011 protective order, the trial court found that A.O. had been the victim of "neglect or sexual abuse," that "continuation in the home would be contrary to the child's welfare," and appointed the Department as A.O.'s temporary managing conservator. In its August 10, 2011 temporary order, the trial court again found that A.O.'s health or safety had been at risk because of "an act or failure to act of the person entitled to possession" of A.O. and it retained temporary managing conservatorship of A.O. with the Department. Finally, in its May 29, 2012 termination order, the trial court noted that it had examined the record in determining whether Mary had failed to comply with her service plan after A.O. was removed for abuse or neglect.

## D. Termination of Parental Rights

In the bench trial, the trial court was free to examine its own July 29, 2011 and August 10, 2011 orders. *See In re J.E.H.*, 2012 WL 4579296, at *3; *In re J.J.C.*, 302 S.W.3d at 446. In those orders it found that A.O. had been removed from the home for abuse or neglect, and the record does not show that Mary contested those findings at the adversary hearing, the permanency hearings, or the bench trial. Mary's complaint that the findings do not show A.O. was removed from her home is of no effect; subsection (O) does not require A.O. to have been

subject to abuse or neglect in Mary's home. *See In re D.R.A.*, 374 S.W.3d at 532; *In re S.N.*, 287 S.W.3d at 188.

Further, the July 29, 2011 and August 10, 2011 findings are part of the trial court's record and the trial court was entitled to take judicial notice in the bench trial of its earlier findings. *See In re J.E.H.*, 2012 WL 4579296, at *3; *In re J.J.C.*, 302 S.W.3d at 446. The findings that A.O. was removed from the home for abuse or neglect are clear and convincing evidence of those points. Because Mary did not challenge any of the other elements necessary to support termination of her parental rights under subsection (O)—including the trial court's best interest of the child finding—we conclude that the evidence was legally and factually sufficient to support the trial court's termination of her parental rights under subparagraph (O). We overrule Mary's second issue.

### E. Other Issues

Mary also complains that the evidence was not legally or factually sufficient to terminate her parental rights under section 161.001(1)'s subsections (F) or (P). Because we have concluded that the evidence was legally and factually sufficient to support the trial court's termination of her parental rights under subparagraph (O), and Mary did not challenge the trial court's best interest of the child finding, we need not address Mary's other issues. *See* TEX. FAM. CODE ANN. § 161.001 (authorizing termination for any one of the listed grounds); *In re A.V.*, 113 S.W.3d at 362 (same); *see also* TEX. R. APP. P. 47.1.

#### CONCLUSION

Viewing the evidence in the light most favorable to the trial court's findings, we conclude that a reasonable fact-finder could have formed a firm belief or conviction that Mary failed to comply with her service plan after A.O. was removed under Chapter 262 for abuse or neglect.

*See In re J.F.C.*, 96 S.W.3d at 266. We further conclude that a reasonable fact-finder could have resolved the disputed evidence in favor of the trial court's finding. *See id.* Therefore, we affirm the trial court's order.

Rebecca Simmons, Justice