

# NUMBER 13-13-00283-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

MARK ANTHONY ESTRADA
A/K/A MARK ESTRADA
A/K/A MARK ANTHONY
MONCADA ESTRADA,                                          **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

---

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion by Justice Perkes**

Appellant Mark Anthony Estrada appeals the trial court's denial of his motion for

post-conviction DNA testing.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (West,

---

[1] Texas Code of Criminal Procedure article 64.05 provides for an appeal of the denial of a post-

Westlaw through 2013 3d C.S.). By two issues, appellant complains the trial court erred by denying his motion because: (1) the trial court applied an incorrect exculpatory legal standard; and (2) he would not have been convicted of murder if exculpatory results had been obtained through DNA testing. We affirm.

## I. POST-CONVICTION BACKGROUND[2]

Appellant was convicted of murder and sentenced to life in prison. Appellant's counsel filed an *Anders* brief on appeal, and appellant filed a pro se brief in response. After review, we concluded that the record did not support any meritorious claims, and affirmed the trial court's judgment. *See Estrada v. State*, No. 13-09-00493-CR, 2011 WL 3370407 (Tex. App.—Corpus Christi Aug. 4, 2011, pet. ref'd) (mem. op.) (not designated for publication). The Texas Court of Criminal Appeals refused appellant's petition for discretionary review.

Appellant subsequently filed his "motion to request counsel [for] DNA testing", and his "motion for [post-conviction] DNA testing." Appellant requested DNA testing on the following items: "two swabs from the bathroom floor railing; dentures from the bathroom floor; toilet brush handle; cross pendent from the bathroom floor; bra from blue trash can in bathroom; broken necklace on shower floor; broken jewelry from bathroom; knife found unwiped on shower floor; sponge on kitchen floor; tissue at kitchen bar; swab from master

---

conviction motion for forensic DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05.

[2] Inasmuch as this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

bedroom; damaged quarter of earring; tape lift; tissue paper living room left outlet[3]; and two swabs from lifting handle on green trash can".

The trial court denied appellant's motions, and entered findings of fact and conclusions of law in support thereof.[4]   In this regard, the trial court made the following conclusions of law:

## CONCLUSIONS OF LAW

1. A motion may request forensic DNA testing only of evidence that (1) was not previously subjected to DNA testing, or (2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative that the results of the previous test. *See* TEX. CODE CRIM. PROC. art. 64.01(b) (2012). Petitioner has not shown that biological material exists which could be subjected to forensic DNA testing.

2. In light of the significant evidence of the Petitioner's guilt, the Petitioner has not shown that he would not have been convicted based upon the results of additional forensic DNA testing. Article 64.03 requires a convicted person to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. TEX. CODE CRIM. PROC. art. 64.03(a)(2)(A) (2012). Exculpatory results that would merely "muddy the waters" are insufficient to show that the defendant would not have been convicted. *Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002).

3. The defendant has failed to present reasonable grounds for a motion for forensic DNA testing to be filed, and his request for the appointment of counsel should therefore be denied. TEX. CODE CRIM. PROC. art. 64.01(c) (2012).

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

---

[3] "Living room left outlet" refers to the location where investigators located the tissue paper.

[4] Although the trial court did not expressly state that it took judicial notice of the trial record, we are permitted to presume it took judicial notice of the record. *Vahlsing, Inc. v. Missouri Pac. R.R. Co.*, 563 S.W.2d 669, 674 (Tex. Civ. App.—Corpus Christi 1978, no writ).  We may also, in exercise of our discretion, take judicial notice of "adjudicative facts" for the first time on appeal.  *Watkins v. State*, 245 S.W.3d 444, 455–56 (Tex. Crim. App. 2008) (citing TEX. R. EVID. 201).

3

Chapter 64 of the Code of Criminal Procedure requires the judge of the convicting court to order DNA testing when requested by a convicted person if it finds the convicted person has established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. TEX. CODE CRIM. PROC. ANN. art. 64.01, 64.03; *see Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). Specifically, Chapter 64 states, in relevant part:

(a) A convicting court may order forensic DNA testing under this chapter only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a condition making DNA testing possible; and

(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and

(B) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

TEX. CODE CRIM. PROC. ANN. art. 64.03(a).

In reviewing the trial court's chapter 64 rulings, we give "almost total deference" to the trial court's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider de novo all other application-of-law-to-fact questions. *See Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011);

4

*see also Olivarez v. State*, Nos. 13-11-00483-CR, 13-11-00484-CR, 2012 WL 5187911 (Tex. App.—Corpus Christi Oct. 18, 2012, no pet.) (mem. op.) (not designated for publication). In determining whether DNA testing should be ordered, we look at the record at the time of the conviction. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(2); *Smith v. State*, 165 S.W.3d 361, 364 (Tex. Crim. App. 2005) (appropriate inquiry assumes exculpatory DNA results were available at trial).

### III.  DISCUSSION

By his first issue, appellant contends the trial court applied an incorrect legal standard in its analysis. Specifically, appellant argues that the exculpatory burden of proof standard discussed in *Kutzner* has been superseded by subsequent amendment of Chapter 64. *See Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002), *superseded by statute* Tex. Code Crim. Proc. Ann. art. 64.02(a)(2), *as recognized in Ex parte Gutierrez*, 337 S.W.3d at 890.[5] In this regard, appellant is apparently assuming that because the trial court cited *Kutzner* in its conclusions of law, the trial court applied an incorrect legal standard to his request for DNA testing. We disagree.

---

[5] *Kutnzer* applied an earlier version of article 64.03 of the Texas Code of Criminal Procedure that has since been amended. *See Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002). At that time, the statute read, in relevant part:

> (2) the convicted person establishes by a preponderance of the evidence that:
>
>> (A) a *reasonable probability* exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing; . . . .

*See* Act of April 5, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2–4 (amended 2003, 2007, & 2011) (emphasis added) (current version at Tex. Code Crim. Proc. Ann. art. 64.03(a)(2) (West, Westlaw through 2013 3d C.S.)).

The trial court properly stated in its conclusions of law that "[a]rticle 64.03 requires a convicted person to establish by a *preponderance of the evidence* that he would not have been convicted if exculpatory results had been obtained through DNA testing." This is a correct statement of the current law. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A). Although appellant complains about the trial court's statement that "exculpatory results that 'muddy the waters' are insufficient to show that [he] would not have been convicted," such a conclusion is also correct. *See Gutierrez*, 337 S.W.3d at 888 (holding that "favorable" DNA test result must be the sort of evidence that would affirmatively cast doubt upon validity of inmate's conviction; otherwise, DNA testing would simply "muddy the waters"). We overrule appellant's first issue.

By his second issue, appellant argues that he established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A).

During the trial, appellant's defense was premised on a theory that an unknown intruder committed the murder. He now claims that "[g]iven the degree of unidentified prints in blood, various items such as bloody tissues, bloody sponge, bloody shoe/fingerprint, the blood splatter beyond the master bathroom, and the blood on the ice chest with the gloves inside of it, it is apparent that a lone intruder tried to remove his own presence and stage a secondary crime scene and leaving through an entry that was not tested for prints or DNA." Appellant's argument essentially suggests that if the items he wants tested contain the DNA from any person other than himself or the victim, it would cast doubt that appellant was, in fact, the person who committed the murder.

6

Appellant fails to show how the requested DNA testing would prove his innocence by a preponderance of the evidence or how DNA testing would reach more accurate and probative results. A convicted person must do more than simply ask for the testing so that he might be able to raise an argument. *Eubanks v. State*, 113 S.W.3d 562, 566 (Tex. App.—Dallas 2003, no pet.). For instance, if DNA from an unknown third party was present on the knife, it could potentially place that party at the scene at the time of the killing and support appellant's "unknown intruder" theory. *See Routier v. State*, 273 S.W.3d 241, 244 (Tex. Crim. App. 2008) (holding that defendant was entitled to DNA testing of blood stain on tube sock found in alley, blood stains from her night shirt, facial hair and pubic hair, and stains from door leading to garage, which could have corroborated her account that an unknown intruder entered her home). The blood from the knife, however, was tested and the only DNA recovered from it belonged to the victim.

After reviewing the trial court's record, we conclude that even if DNA other than appellant's and the victim's DNA was found on the items appellant wants tested, the evidence would still not show by a preponderance of the evidence that the DNA was from a different assailant. *See Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008) (concluding that if DNA testing would not determine the identity of the person who committed the offense or would not exculpate the accused, then article 64.03(a)(2)(A) has not been met); *see also Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002) (en banc) (holding that presence of another person's DNA at crime scene will not, without more, constitute affirmative evidence of appellant's innocence).

7

At trial, the State presented substantial evidence of appellant's guilt. The evidence showed that appellant met the victim; invited her to his friend's home where he was staying at the time; engaged in intercourse with her; and had been alone with her when she suffered multiple fatal stab wounds. The evidence also showed that the stab wounds were not consistent with the victim suffering a convulsion or committing suicide, as appellant later claimed. Further, there was evidence that appellant put the victim's body in a trash can; left the scene on his friend's ATV; and later called his friend to warn him to clean up the blood that was left in the bathroom.

Because appellant did not show by a preponderance of the evidence that exculpatory DNA tests would have proven his innocence, Appellant did not meet his burden of proof for obtaining post-conviction DNA testing. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's orders.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of April, 2015.